Rose Daly-Rooney, AZ Bar # 015690
Maya Abela, AZ Bar #027232
Tamaraingsey In, AZ Bar #035208
ARIZONA CENTER FOR DISABILITY LAW
5025 E. Washington Street, Suite 202
Phoenix, AZ 85034
(602) 274-6287
E-mail: rdalyrooney@azdisabilitylaw.org
        mabela@azdisabilitylaw.org
        sin@azdisabilitylaw.org

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Hoffard,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Cochise County, Arizona; Lisa Marra, in her official capacity as Director of Cochise County Elections Department,<br><br>                    Defendants. | Case Number:<br><br><br>**COMPLAINT** |

## INTRODUCTION

All people who are duly qualified and registered to vote should have equal access to do so in person on election day. In Cochise County, Arizona, people who live with disabilities and wish to vote in person on election day are faced with the possibility of disenfranchisement due to the County's blanket policy making curbside voting unavailable for individuals who may need it as a reasonable modification due to their disabilities.

The failure to make the voting process in Cochise County accessible for individuals with disabilities who may require a reasonable modification of curbside voting violates both Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12131 *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504), and the Arizona Civil Rights Act (ACRA), A.R.S. § 41-1421(B). Plaintiff seeks immediate and equal access to in-person voting opportunities through the provision of curbside voting at

polling locations in Cochise County for all upcoming elections.  Overturning Cochise County's unlawful policy eliminating curbside voting as a reasonable modification in the voting process is particularly critical in the time of COVID-19, when public health experts warn of heightened risk of serious illness for individuals living with certain disabilities, and with a critical general election on the horizon in November 2020.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this case is brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. This Court also has jurisdiction over the claims alleged under the Arizona Civil Rights Act, A.R.S. § 41-1421(B), pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391 because Plaintiff and Defendants reside in the District, Defendants have sufficient contacts within this District to subject them to personal jurisdiction, and the acts and omissions giving rise to this Complaint occurred within this District.

## PARTIES

3.     Plaintiff Kathleen Hoffard is a citizen of the United States, who resides in Sierra Vista, Arizona, located in Cochise County, and is a duly qualified and registered elector in the County.

4.     Defendant Cochise County is a political subdivision of the State of Arizona.

5.     Defendant Lisa Marra is the Elections Director of Cochise County, is an agent of Cochise County, a public entity, and upon information and belief, therefore oversaw the decision to eliminate curbside voting as a reasonable modification in elections held in Cochise County. The Cochise County Elections Department administers, prepares and conducts federal, state, and county elections held within Cochise County, Arizona. The Cochise County Elections Department reports to the Cochise County Board of Supervisors.

## STATEMENT OF FACTS

6.    Plaintiff is an individual with several physical disabilities. She lives with spinal stenosis (lumbar and cervical spondylosis), rheumatoid arthritis, osteoarthritis, spondylolisthesis of the lumbar region, and degenerative disc disease. At the time of the 2018 election, Plaintiff experienced drop foot.

7.    Plaintiff is substantially limited in the major life activities of standing, walking, immune system function and musculoskeletal function due to her disabilities. Plaintiff also experiences numbness throughout her body and problems balancing because of her disabilities. She uses a cane as an assistive device at all times outside her home and a walker when extensive walking is required.

8.    Plaintiff takes medication to manage her rheumatoid arthritis which suppresses her immune system and places her at higher risk of severe illness from COVID-19, the disease caused by the novel coronavirus SARS-CoV-2.

9.    Plaintiff is and has been a duly qualified and registered elector in Cochise County at all times relevant to this Complaint.

10.    Plaintiff has participated in curbside voting in Cochise County in elections prior to the 2018 mid-term election because of her disabilities. Plaintiff requires curbside voting to have equal access to the voting process because having to exit her vehicle, navigate the parking lot and polling location causes Plaintiff significant difficulty and pain due to her disabilities.

11.    A mid-term election was held across the United States, and in Cochise County, on November 6, 2018. On that day, Plaintiff went to the polling center located at the United Methodist Church at 3225 St. Andrews Dr., Sierra Vista, AZ 85650, to vote. Plaintiff was told by a poll worker that curbside voting was not available at that location. She then phoned the Cochise County Elections Department and spoke with an employee named Ross Romero. She was told curbside voting would not be available at any polling center in Cochise County because all the voting centers in the County were compliant with the Americans with Disabilities Act. Finally, Plaintiff went to a second polling center, Shiloh

Christian Ministries, located at 1519 S. Ave. Del Sol, Sierra Vista, AZ 85635, to vote. Plaintiff was told curbside voting was not available at this location.

12.     After also being informed by poll workers at the Shiloh Christian Ministries voting center that curbside voting was not available, Plaintiff was faced with the choice of being disenfranchised or struggling to exit her vehicle and navigate to the polling location. Plaintiff chose the latter.

13.     Plaintiff experienced great physical discomfort and pain while using her walker to walk from the parking space where she parked her car to the entrance of the polling location, and through the polling location to the polling booth. Due to disability-related pain, fatigue, and balance concerns, she had to stop for several breaks to rest. Plaintiff also had to navigate pavement in the parking lot of the polling location that was difficult to walk on due to disabilities and an interior of the polling location filled with small area rugs, which posed trip hazards for her as she navigated over them in her walker.

14.     While Plaintiff managed to eventually cast her ballot on November 6, 2018, she did so despite great difficulty and pain she experienced throughout the in-person voting process in the absence of a reasonable modification for curbside voting.

15.     Plaintiff plans to vote in all upcoming elections in Cochise County, including the primary election scheduled for August 4, 2020 and the general election scheduled for November 3, 2020.

16.     Plaintiff's need for a reasonable modification of curbside voting will be even more critical in the 2020 elections due to the added concerns posed by COVID-19, and the heightened risks she faces as a person with immune function limitations.

17.     While COVID-19 can be deadly to any individual, it poses unique and heightened risks to individuals with disabilities and further necessitates the need for curbside voting as a reasonable modification.

18.     According to the U.S. Centers for Disease Control and Prevention (CDC), certain groups are considered particularly vulnerable and placed at a higher risk for severe illness from COVID-19. These include individuals: who are 65 years and older, who have chronic

lung disease or moderate to severe asthma, who are immunocompromised, with severe obesity, with diabetes, with chronic kidney disease undergoing dialysis, and with liver disease. CDC, *People Who Are at Higher Risk for Severe Illness*, available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 2, 2020).

19.    The office of Arizona Secretary of State Katie Hobbs, who is the Chief Election Officer for the State of Arizona, issued a press release on March 11, 2020, concerning response to COVID-19 for election officials. The press release stated the following: "According to health experts and the governor's recent executive order, Arizona's elderly population and those with underlying health conditions are more at risk of serious illness from COVID-19…In addition to the recommendations from the Centers for Disease Control and Prevention and the Department of Health Services that counties are already implementing for all polling places, the Secretary of State's Office today recommended the following additional precautions for voting locations at senior centers and other facilities frequented by seniors: Ensure the availability of clear signage for curbside voting for those who need it; Advise the facility to get the message out to vulnerable populations that they should avoid the crowds on Election Day unless they are voting, and to take heightened precautions in any case." Arizona Secretary of State, Press Release, March 11, 2020, available at: https://azsos.gov/about-office/media-center/press-releases/1116 (last visited June 2, 2020).

20.    Cochise County has included the following statement in its "Poll worker's Training Handbook" for the 2020 Presidential Preference Election, published on the County's public website: "CURBSIDE VOTING (County Policy effective 2017): Curbside voting is allowed when a Vote Center is not ADA accessible. ALL 17 VOTE CENTERS IN COCHISE COUNTY ARE ADA ACCESSIBLE PER FEDERAL GUIDELINES. **CURBSIDE VOTING IS NO LONGER OFFERED** as an additional service." Cochise County "Poll worker's Training Handbook" for the 2020 Presidential Preference Election

at 26, available at https://www.cochise.az.gov/sites/default/files/elections/ PPEPollWorkerHandbook_Final.pdf (last visited June 2, 2020) (emphasis in original).

21.   The Cochise County public website also includes the following statement concerning curbside voting: "All vote centers in use in Cochise County are fully ADA compliant under Federal law. As such, disabled voters are welcome into the polling locations to cast their vote and curbside voting isn't required. Because there are no pre-printed paper ballots at our vote centers, all voters are required to vote on the electronic machines which are not able to be moved outside, or to the curb, due to the sensitive computer equipment inside the machines." *Cochise County Arizona: Elections FAQs*, available at: https://www.cochise.az.gov/elections/elections-faqs (last visited June 2, 2020).

## STATEMENT OF CLAIMS

## COUNT I

**[Discrimination on the Basis of Disability in Violation of Title II of Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*.]**

22.   Plaintiff realleges and incorporates by reference all allegations contained in all preceding paragraphs of this Complaint.

23.   On July 26, 1990, Congress enacted the Americans with Disabilities Act (ADA) to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

24.   Congress enacted the ADA to remedy various forms of discrimination experienced by individuals with disabilities, including "failure to make modifications to existing facilities and practices." 42 U.S.C. § 12101(a)(5).

25.   Congress also enacted the ADA to assure individuals with disabilities "full participation" in their community, which purpose cannot be more completely expressed than in participation in the voting process. 42 U.S.C. § 12101(a)(7).

26.   Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of

the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

27.    Title II of the ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

28.    As set forth above, Plaintiff has physical impairments that substantially limit the major life activities of walking, standing, immune system function and musculoskeletal function. Accordingly, she is an individual with a disability as defined by the ADA. 42 U.S.C. § 12102(1)-(2); 29 C.F.R. § 1630.2(i)(1)(ii) (adding musculoskeletal function as a major life activity).

29.    As set forth above, Plaintiff is a duly qualified and registered elector in Cochise County, and is therefore qualified to participate in the County public service of voting. Accordingly, she is a qualified individual with a disability as defined by the ADA. 42 U.S.C. § 12131(2).

30.    Title II of the ADA applies to state and local government entities and protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs and activities provided by local government entities. 42 U.S.C. §§ 12131-12132.

31.    Defendants are public entities within the meaning of the ADA because they are local government entities that provide services, programs, and activities. 42 U.S.C. § 12131(1).

32.    Pursuant to Title II of the ADA and its implementing regulations, public entities are required to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless

the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i).

33.    Defendant are required by the ADA to provide individuals with disabilities equal access to the voting process as it provides to non-disabled individuals. Specifically, Defendants must provide individuals with a disability with modifications to otherwise applicable policies and procedures concerning the voting process, as necessary to ensure individuals with disabilities have equal access to the process.

34.    Defendants have discriminated and continue to discriminate against Plaintiff on the basis of her disabilities by denying her equal access to the services, programs, and benefits of the voting process offered to others due to Defendants' categorical ban on providing curbside voting as a reasonable modification at any polling location in Cochise County.

35.    As set forth above, Plaintiff requires curbside voting as a reasonable modification due to her disabilities in order to have equal access to the voting process. Specifically, prior to voting in the 2018 mid-term election Plaintiff was told by a County representative that her reasonable modification request to vote curbside would not be granted when she was informed no curbside voting was offered at any of the polling locations in Cochise County. The County has publicly published its policy of not providing curbside voting anywhere in the County on its website and in poll worker education materials, indicating the County's curbside voting prohibition remains in effect for the upcoming 2020 elections.

36.    The modification Plaintiff sought, curbside voting, is reasonable. Upon information and belief, curbside voting is offered as a reasonable modification, regardless of the accessibility status of a polling location, in other Arizona counties.

37.    Thus, Defendants have failed to meet their obligations to provide Plaintiff and other individuals with disabilities with access to the voting process that is equal to that provided to individuals without disabilities.

38.    Defendants have therefore discriminated, and continue to discriminate, against Plaintiff on the basis of her disabilities in violation of Title II of the ADA.

## COUNT II

### [Discrimination on the Basis of Disability in Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794]

39.     Plaintiff realleges and incorporates by reference all allegations contained in all preceding paragraphs of this Complaint.

40.     Section 504 states that "[n]o otherwise qualified individual with a disability[1] in the United States … shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a); 11 C.F.R. § 9420.3.

41.     Section 504 laid the foundation for the development of Title II of the ADA, as Congress stated that the purpose of Title II was to "make applicable the prohibition against discrimination on the basis of disability, currently set out in regulations implementing section 504 of the Rehabilitation Act of 1973, to all programs, activities, and services provided or made available by state and local governments or instrumentalities or agencies thereto, regardless of whether or not such entities receive Federal financial assistance." H.R. Rep. 101-485(II) at 84 (May 15, 1990).

42.     Congress amended the Rehabilitation Act in 1992 to make clear that the principles underlying the ADA also apply to all sections of the Rehabilitation Act, including Section 504.  Pub. L. No. 102-569, 106 Stat. 4344 (1992).  One of the purposes of the legislation amending Section 504 is "to ensure that the precepts and values embedded in the Americans with Disabilities Act are reflected in the Rehabilitation Act of 1973." S. Rep. No. 102-357, at 2 (1992).

---

[1] The term "disability" is substituted for the term "handicap" whenever handicap or a form of it is used in Section 504.

43.    Section 504 defines program or activity to mean "all the operations of a department, agency . . . or other instrumentality of . . . a local government."  29 U.S.C. § 794(b).

44.    The U.S. Department of Justice's Section 504 implementing regulations define a qualified individual with a disability as "a [disabled] person who meets the essential eligibility requirements for participation in, or receipt of benefits from the program or activity." 11 C.F.R. § 9420.2.

45.    As set forth above, Plaintiff has physical impairments that substantially limit the major life activities of walking, standing, immune system function and musculoskeletal function. Accordingly, she is an individual with a disability as defined by Section 504.  29 U.S.C. § 705(9) (incorporating ADA's definition of disability); *see also* 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(i)(1)(ii).

46.    Plaintiff is a qualified and registered elector who is entitled to vote and thus meets the essential eligibility requirements to cast her vote at Cochise County polling places as that term is defined by 28 C.F.R. § 41.32(b); 11 C.F.R. § 9420.2.

47.    Defendants are covered within the meaning of Section 504 because they are local government entities that provide services, programs, and activities and, upon information and belief, receive federal financial assistance. 29 U.S.C. § 794(a), (b).

48.    Under Section 504's implementing regulations, recipients of federal financial assistance are required to provide program accessibility using methods that make programs readily accessible and usable by people with disabilities, including providing delivery of services at alternate accessible sites. 11 C.F.R. § 9420.5.

49.    Defendants are required by Section 504 to provide individuals with disabilities equal access to the voting process as they provide to non-disabled individuals. Specifically, Defendants must provide individuals with a disability with modifications to otherwise applicable policies and procedures concerning the voting process, as necessary to ensure individuals with disabilities have equal access to the process.

50.    Defendants have discriminated and continue to discriminate against Plaintiff and similarly-situated individuals on the basis of their disabilities by denying them equal access to the services, programs, and benefits of the voting process offered to others due to Defendants' blanket ban on providing curbside voting at any polling location in Cochise County, thus precluding it as a reasonable modification.

51.    Thus, Defendants have failed to meet their obligations to provide individuals with disabilities with access to the voting process that is equal to that provided to individuals without disabilities.

52.    Defendants have therefore discriminated, and continue to discriminate, against Plaintiff and similarly-situated individuals on the basis of her disabilities in violation of Section 504.

## COUNT III

### [Discrimination on the Basis of Disability in Violation of A.R.S. § 41-1421(B)]

53.    Plaintiff realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

54.    Under A.R.S. § 41-1421(B), it is unlawful to discriminate against a qualified individual with a disability in voting by reason of the disability.

55.    A.R.S. § 41-1421(C) requires counties to, among other things, "make[] reasonable modifications to rules, policies or practices" in order to comply with the nondiscrimination mandate of the statute.

56.    Under A.R.S. § 41-1421(D), "[c]ompliance with title II of the Americans with disabilities act [sic] (42 United States Code §§ 12131 through 12134) and its implementing regulations and the voter accessibility for the elderly and handicapped act [sic] (42 United States Code §§ 1977ee through 1977ee-6) is deemed in compliance with this article." As set forth above in Count I, Defendants are required to provide reasonable modifications in the voting process for voters with disabilities under Title II of the Americans with Disabilities Act, and failed to do so.

57.   Plaintiff is an individual with disabilities as defined by A.R.S. § 41-1421(E)(1)(a), and a qualified individual with a disability pursuant to A.R.S. § 41-1421(E)(2), at all times relevant to this Complaint.

58.   Plaintiff requested a reasonable modification from Defendants for the voting process—the ability to vote curbside at a polling location in Cochise County.

59.   Defendants denied Plaintiff's request for a reasonable modification in the form of curbside voting and thus engaged in unlawful discrimination in violation of A.R.S. § 41-1421.

60.   To remedy the effects of Defendant's discrimination, Plaintiff is entitled to relief under A.R.S. § 41-1472(A).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court:

A. Issue a declaratory judgement on behalf of the Plaintiff, finding that Defendants' policies, practices, and procedures have and will continue to subject Plaintiff to unlawful discrimination on the basis of her disabilities by failing to provide the reasonable modification of curbside voting and thereby denying  her equal access to participate in voting, a service of local government, in violation of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the Arizona Civil Rights Act;

B. Order Defendants to provide curbside voting as a reasonable modification, when necessary to provide a person with a disability equal access to the voting process;

C. Order Defendant to provide remedial and additional training to County Election Department staff and poll workers on the rights of individuals with a disability under the Americans with Disabilities Act, Section 504, and A.R.S. § 41-1421(B), as well as provide training on Defendants' policies and procedures for providing curbside voting at polling locations;

D. Order Defendant to implement an effective remedial plan to provide notice to qualified electors that the unlawful blanket ban of curbside voting has been lifted and that curbside voting is available as a reasonable modification for an individual with a disability

under the Americans with Disabilities Act, Section 504, and A.R.S. § 41-1421(B), including, but not limited to, revising its public documents, *Cochise County's Poll worker's Training Handbook* and *Cochise County AZ: Elections FAQ*;

    E.  Award Plaintiff's attorneys' fees and costs incurred in bringing this action; and

    F.  Grant such other and further relief as this Court may deem just and proper.


DATED this 3rd day of June 2020.


**ARIZONA CENTER FOR DISABILITY LAW**

*/s/ Tamaraingsey In*
Rose Daly-Rooney
Maya Abela
Tamaraingsey In