BRIAN M. MCINTYRE
COCHISE COUNTY ATTORNEY
By: CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
P.O. Drawer CA
Bisbee, AZ 85603
(520) 432-8700
CVAttymeo@cochise.az.gov
*Attorney for Cochise County, and Lisa Marra, in her official capacity as Cochise County Elections Director*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| Kathleen Hoffard, ) | No. 4:20-CV-00243-SHR |
|     Plaintiff, ) | |
| ) | **DEFENDANTS' MOTION TO** |
| ) | **DISMISS PLAINTIFF'S FIRST** |
|   v. ) | **AMENDED COMPLAINT** |
| ) | **FOR INJUNCTIVE AND** |
| Cochise County, Arizona; Lisa Marra, ) | **DECLARATORY RELIEF** |
| In her official capacity as Director of ) | |
| Cochise County Elections Department, ) | |
| ) | **Assigned to the Honorable** |
|     Defendants. ) | **Judge Scott H. Rash** |
| _____ ) | |

**COMES NOW** Defendants Cochise County (the "County')  and Lisa Marra, in her official capacity as Director of Cochise County Elections (collectively "Defendants"), through the undersigned counsel, hereby moves this Court for dismissal of Plaintiff Kathleen Hoffard's ("Plaintiff") First Amended Complaint for Injunctive and Declaratory Relief ("FAC") with prejudice, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  As more fully set forth in the following memorandum of point and authorities, all of Cochise County's Vote Centers are

1

fully Americans with Disabilities Act ("ADA") compliant and accessible and therefore, under the law, both Arizona and Federal, Defendants are not required to offer curbside voting as a reasonable accommodation. Further, the County offers various additional ways for its citizen to exercise their right to vote and fully participate in the voting process.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND

In 2015, Cochise County (the "County") decided to move to Vote Centers, rather than polling centers/places, and made a significant monetary investment of over $1 million dollars in touchscreen ExpressVote[1] machines to utilize for voting at the Vote Centers. A Cochise County voter can go into any of the Vote Centers to cast his or her ballot, rather than having to go to a designated polling center or district. No paper ballots are used in at the seventeen (17) Vote Centers throughout the County because the specific ballot style can be accessed via the ExpressVote machines.[2] The County has utilized Vote Centers for its elections starting in 2016. One important advantage and benefit of moving to Vote Centers is that the County ensured that *all of the Vote Centers are fully ADA accessible and ADA compliant*. Physical site assessments are done on each Vote Center before each

---

[1]   The touchscreen ExpressVote machines are very heavy and contain very sensitive components. They are not designed to be moved in and out of the Vote Center facilities for curbside voting and tend to tip over, which could cause damage to a disabled voter's vehicle or serious injury to a disabled voter or to the poll worker moving the ExpressVote machine.

[2]   There are over 500 different ballot styles, making it impossible and impracticable for the County to store paper copies of each ballot style at every one of its Vote Centers.

2

election cycle, using the Department of Justice's required documentation, that can be found at: https://www.ada.gov/votingchecklist.htm.

On May 2, 2018, the County issued a news release informing its residents that all of the County's Vote Centers met the needs of its disabled and elderly citizens because they were now fully ADA accessible and ADA compliant, and as a result, the County would no longer offer curbside voting. Attached hereto, as **Exhibit A**, is a true and correct copy of the May 2, 2018 new release.  The information was also posted on the County's Facebook page and County website.  The news release also offered the County's residents other means to vote by using early ballots and registering to be on the Permanent Early Voting List ("PEVL").  (*Id.*)  The County updates its poll worker's handbook and website, which both indicate that curbside voting is no longer offered. (FAC, ¶¶ 21, 22).  The website and poll worker handbook reflect information that was provided in the news release in 2018.

On November 6, 2018, six months after the County issued the above referenced news release, Plaintiff Kathleen Hoffard went to two Vote Center locations and requested curbside voting.  (FAC, ¶¶ 11).  Plaintiff was informed that curbside voting was no longer offered at any of the Vote Centers because they were all ADA accessible and ADA compliant.  (*Id.*)

On August 27, 2020, Plaintiff filed the instant FAC, alleging that the County violated the Title II of the ADA, 42 U.S.C. § 12131, *et seq*. (FAC, ¶¶ 29-45), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (FAC, ¶¶ 46-59) and Arizona Revised Statute ("A.R.S.") § 41-1421(B), by discriminating against her, based on her disability, by not

accommodating her request for curbside voting. However, the federal and state law do not specifically mandate that the County provide curbside voting – only that the County provide "accessibility" and make "reasonable modifications to rules, policies or practices" and "remove architectural and communication barriers" - which the County has done by providing ADA accessible and ADA compliant Vote Centers throughout the County and by providing several alternative means to vote. Consequently, this Court should dismiss this case under F.R.C.P., Rule 12(b)(6) for failure to state a claim upon which relief can be granted, as discussed directly below:

**II.     COCHISE COUNTY IS NOT REQUIRED TO OFFER CURBSIDE VOTING BECAUSE ALL OF ITS VOTE CENTERS ARE ADA ACCESSIBLE AND ADA COMPLIANT AND ALTERNATIVE MEANS TO VOTE WERE PROVIDED TO PLAINTIFF**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits Defendants to seek dismissal of an action where the Court lacks finds that the Plaintiff has failed to state a claim upon which relief can be granted. F.R.C.P., Rule 12(b)(6). Here, all of the County's Vote Centers are ADA accessible and ADA compliant. Therefore, there is no disability discrimination against Plaintiff or violation of her rights.

A.R.S. § 42-1421 (B) provides that "[a] qualified individual with a disability shall not be excluded from voting or be discriminated in voting under this section by reason of the disability." A. R.S. § 41-1421 (B). It also provides that: "[t]his state or any county, city, town, school district or other political subdivision of this state that makes reasonable modifications to rules, policies or practices, removes architectural and communication

barriers and provides auxiliary aids and services to persons with disabilities has complied with this article." A.R.S. § 41-1421 (C).

Here, the County has not discriminated in voting against Plaintiff based on her disability because it has made such reasonable modifications to its rules, policies or practice and has removed architectural barriers by providing fully ADA accessible and ADA compliant Vote Centers.

The Arizona Secretary of State, Katie Hobbs, publishes an Elections Procedures Manual ("EPM") that has the full force of law. *See* A.R.S. § 16-452. County election officials are bound to follow the EPM. In the 2019 EPM, it specifies that curbside voting is an alternative voting option at vote centers *only* if available at the voting location and *only* when: (1) no accessible sites are available; and (2) no temporary measures can make them accessible. *See* 2019 Elections Procedures Manual, Chapter 5: Accommodating Voters with Disabilities, Section IV, Alternative Voting Options, pp. 105-106. The EPM further explains that it is the election director who determines if a voting location is not accessible. *Id.* The EPM also provides that curbside voting *may* be made available as a reasonable accommodation, but *does not* mandate that it must be made available as a reasonable accommodation.

Here, Cochise County Elections Director, Lisa Marra determined that all of the County's 17 Vote Centers are ADA accessible and ADA compliant. Therefore, under the Arizona law, and pursuant to the EPM, the County was not legally obligated to offer curbside voting as a reasonable accommodation to Plaintiff. Because the County complied

with Arizona law regarding alternative voting for voters with Disabilities and under that law was not required to offer curbside voting to Plaintiff as a reasonable accommodation, this Court should dismiss Plaintiff's FAC with prejudice, under F.R.C.P., Rule 12(b)(6).

Additionally, the County has made reasonable accommodations to its rules, policies and practices, to ensure that voters with disabilities are provided with meaningful and equal access to voting, not only through the use of the Vote Centers, but also through several alternative means to vote.  No voter with disabilities should be disenfranchised.  Plaintiff had several other options to vote: (1) Plaintiff could have requested an early ballot; (2) Plaintiff could have asked to be placed on the PEVL; or (3) Plaintiff could have voted in person at the Cochise County Recorder's Office.

To expound on these options, first Plaintiff could have requested a ballot be mailed to her for the November 6, 2016 election (or any other election) by calling the Cochise County Recorder's Office at least twelve (12) days before the election.  Second, Plaintiff had an opportunity to participate in early voting, by joining the PEVL.  Plaintiff would have automatically received a ballot by mail for every election in which she is eligible to vote. She would then have the option of returning the ballot by mail or dropping it off in one of the secure drop boxes located inside the County service centers.  Last, Plaintiff could have voted early, in-person, at the Recorder's Office in Bisbee, starting twenty-seven (27) days before the election.  Because Cochise County offers these alternatives to in-person voting at Vote Centers, Plaintiff had full and equal access to voting. Consequently, the County did not discriminate against Plaintiff based on disability.  Nor did the County deny

Plaintiff her right to vote.  Consequently, this Court should dismiss Plaintiff's FAC under F.R.C.P., Rule 12(b)(6).

Moreover, by providing the above voting options, the County has also complied with federal law (Title II of the ADA, 42 U.S.C. § 12131, *et seq*. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794). "A 'reasonable accommodation' is one that gives the otherwise qualified plaintiff with disabilities 'meaningful access' to the program or services sought. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 282 (2d Cir. 2003).  Further, "[s]tates are not constitutionally mandated to make **special accommodations** for their disabled citizens. *See Garrett*, 121 S.Ct. at 964. Rather, States must refrain from irrational discrimination against the disabled." *Doe v. Div. of Youth & Family Servs*., 148 F. Supp. 2d 462, 488 (D.N.J. 2001) (emphasis added).  "Title II places an affirmative duty on the States, a duty not mandated by the Constitution, to modify rules, policies and practices to accommodate the disabled.  Moreover, Congress instructed the Attorney General to enact regulations to enforce Title II. *See* 42 U.S.C. § 12134. Among other things, those regulations require the States to perform self-evaluations of their existing policies and practices, *see* 28 C.F.R. § 35.105, appoint an employee responsible for compliance with the ADA and its regulations, *see* 28 C.F.R. § 35.107, and make all of its existing programs and facilities accessible to disabled citizens, *see* 28 C.F.R. § 35.149." *Id*. at 482-489.  This is exactly what the County did in this situation by making all of its Vote Centers ADA accessible and ADA compliant and by offering alternative means for persons with disabilities to vote.

Here, the Vote Centers and the various alternative ways to vote offer Plaintiff "meaningful access" to voting, by several options. The County is not required to make special accommodations for Plaintiff by offering her curbside voting. Further, the decision to eliminate curbside voting was not irrational or without a good rational basis. Cochise County invested over one million dollars in technology to make its Vote Centers fully ADA accessible and ADA compliant, following all federal guidelines and standards. The touchscreen ExpressVote machines are heavy and contain very sensitive components. They are not designed to be moved in and out of the vote center facilities for curbside voting and tend to tip over, which could cause serious damage or injury to a disabled voter's vehicle o other property, a disabled voter or a poll worker moving the ExpressVote machine. The decision to eliminate curbside voting was not irrational and does not amount to irrational discrimination against Plaintiff. Consequently, this Court should dismiss Plaintiff's FAC with prejudice, under F.R.C.P., Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

For the reasons stated above, Plaintiff's First Amended Complaint for Injunctive and Declaratory Relief should be dismissed with prejudice, pursuant to Rule 12(b)(6) and we respectfully ask this Court to do so.

DATED this 21st day of September, 2020.

                        BRIAN M. MCINTYRE,
                        COCHISE COUNTY ATTORNEY

By:   /s/ Christine J. Roberts
        Christine J. Roberts
        Chief Civil Deputy County Attorney

A copy of the foregoing emailed
this 21st day of September, 2020, to:

Rose Daly-Rooney
rdalyrooney@azdisabilitylaw.org
Maya Abela
mabela@azdisabilitylaw.org
Tamaraingsey In
sun@azdisabilitylaw.org
Meaghan Kramer
mkramer@azdisabilitylaw.org