BRIAN M. MCINTYRE
COCHISE COUNTY ATTORNEY
By: CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
P.O. Drawer CA
Bisbee, AZ 85603
(520) 432-8700
CVAttymeo@cochise.az.gov
*Attorney for Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| Kathleen Hoffard, ) | **No. 4:20-CV-00243-SHR** |
| Plaintiff, ) | |
| ) | **DEFENDANTS' REPLY TO** |
| ) | **PLAINTIFF'S RESPONSE IN** |
| vs. ) | **OPPOSITION TO DEFENDANTS'** |
| ) | **MOTION TO DISMISS** |
| Cochise County, Arizona; Lisa Marra, ) | **FIRST AMENDED COMPLAINT** |
| In her official capacity as Director of ) | |
| Cochise County Elections Department, ) | |
| ) | **Assigned to the Honorable** |
| Defendants. ) | **Judge Scott H. Rash** |
| _____) | |

**COMES NOW** Defendants Cochise County (the "County") and Lisa Marra, in her official capacity as Director of Cochise County Elections (collectively "Defendants"), through the undersigned counsel, hereby replies to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, and moves this court for dismissal of the First Amended Complaint ("FAC") with prejudice, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As more fully discussed below, the County has not discriminated against Plaintiff based on her disability

1

because all of the County's Vote Centers are fully ADA accessible and ADA compliant, which provide Plaintiff with equal *in-person* access to vote on Election Day, and therefore, under the law, both Arizona and Federal, Defendants are not required to offer curbside voting as a reasonable accommodation. Further, the County offers various additional ways for its citizens to exercise their right to vote and fully participate in the voting process, including early in-person voting at the Cochise County Recorder's Office.

Defendants also request that the Court waive their counsel's procedural oversight in failing to comply with L.R.Civ.P. 12.1(c), which was not intentional or done with malice, and denies Plaintiff's request to strike the Motion to Dismiss. Undersigned counsel had a discussion about the lawsuit, Complaint (not the FAC), settlement and potential alternatives with Plaintiff's counsel on July 29, 2020 and believed that Defendants' position, that under the law Defendants were not required to offer curbside voting, had been made clear to Plaintiff. However, undersigned counsel, did not have a specific conversation with Plaintiff's counsel about the FAC, as specified under the local rule. And, by the time Plaintiff's counsel spoke with the undersigned counsel about the procedural deficiency on October 1, 2020, it was already past this Court's deadline to file a responsive pleading, under L.R.Civ.P. 7.2(c). Therefore, the undersigned counsel could not withdraw her motion without waiving or jeopardizing Defendants' opportunity to respond.

If the Court decides to strike Defendants' Motion for procedurally deficiencies under L.R.Civ.P 12.1(c), Defendants request that the Court give Defendants an

2

opportunity to comply with the local rule and refile their responsive pleading. This Reply is supported by the following Memorandum of Points and Authorities, and by the Declaration of Christine J. Roberts, which is attached hereto, as Exhibit A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. THE COURT SHOULD WAIVE THE PROCEDURAL DEFICIENCY BECAUSE IT WAS NOT INTENTIONAL OR MALICIOUS AND STRIKING THE MOTION TO DISMISS ON A PROCEDURAL DEFICIENCY PREJUDICES THE DEFENDANTS AND UNDERMINES THE PUBLIC POLICY IN FAVOR OF HEARING CASES ON THE MERITS**

L.R.Civ.P. 12.1(c) provides that the moving party discuss the issues asserted in the motion with the opposing party before filing a 12(b)(6) motion to dismiss. L.R.Civ.P. 12.1(c). Defendants' counsel did not do so in this case, but the oversight was not intentional or malicious. *See* Exhibit A, ¶¶ 5, 6.

On July 29, 2020, Defendants' counsel had previously had a detailed discussion with Plaintiff's Counsel about the Complaint that was filed on June 3, 2020, but not yet served on Defendants. *Id.*, ¶ 3. Plaintiff's counsel and Defendants' counsel discussed our respective positions in the lawsuit and whether we could reach a settlement. At that time Defendants' counsel explained to Plaintiff's counsel that under the law Defendants were not required to offer curbside voting because the fully ADA accessible and ADA compliant allowed Plaintiff to vote in-person on Election Day and that the County would be defending the lawsuit. Plaintiff's did not agree. Counsels agreed that we saw the matter differently and that Plaintiff would go ahead and serve process and the Court would decide. *Id.*, ¶ 3.

3

On August 31, 2020, Plaintiff served process of the FAC, while Defendants' counsel was out of the office for a period of eleven (11) days. *Id.*, ¶ 4. 5.   Upon Defendants' counsel's return to the office, she reviewed the FAC and did not find that it was substantially different than the original Complaint.  Defendant counsel did not believe that she needed to call Plaintiff's counsel to discuss the FAC in light of their July 29, 2020 conversation and inadvertently overlooked L.R.Civ.P. 12.1(c) that provides that the moving party must discuss the issues with opposing party before filing a motion to dismiss under Federal Rule of Civil Procedure, Rule 12(b)(6).  Therefore, Defendant counsel did not have any discussions with Plaintiff's counsel about the FAC.  *Id.*, ¶ 5.  The oversight was neither intentional nor malicious.  *Id.*, ¶ 6.

On September 21, 2020, Defendants' counsel filed a Notice of Appearance (Doc. 10) and Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Injunctive and Declaratory Relief (Doc. 11).  *Id.*, ¶ 7.  On October 1, 2020, Defendants' counsel had a telephone conversation with Plaintiff's counsel, in which Plaintiff's counsel informed her that Plaintiff was going to ask the Court to strike the Motion to Dismiss because Defendants' did not comply with L.R.Civ.P. 12.1(c) and asked Defendants' counsel to withdraw the Motion to Dismiss, but did not offer to stipulate to extend Defendants' time to respond.  *Id.*, ¶ 8.  Defendants' counsel declined to withdraw the Motion to Dismiss and said she would address and explain Defendants position to the Court.  Because the Court's deadline for Defendants to file a responsive pleading under L.R.Civ.P. 7.2 (c) had already passed, Defendant's counsel did not believe that she could

or should withdraw the motion without waiving or jeopardizing Defendants' opportunity to respond.  *Id.*, ¶ 9.

Whether to strike a pleading for failure to comply with a local rule is within the discretion of the Court – it is permissive, not mandatory.  "Before dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.' *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)."  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Here, if the Court strikes Defendants' Motion to Dismiss, Defendants will be prejudiced by not having their case for dismissal heard by the court due to a procedural deficiency.  Additionally, striking the Motion to Dismiss would undermine the public policy favoring disposition of cases on the merits.  Because the oversight was not intentional or malicious and in considering the weight of these two factors, the Court should deny Plaintiff's request to strike Defendant's Motion to Dismiss.  In the alternative, should the Court be inclined to grant Plaintiffs' request, Defendants request that this Court give Defendants an opportunity to comply with the local rule and refile their responsive pleading to avoid the prejudicial impact on Defendants.

**II.    COCHISE COUNTY OFFERS EARLY IN-PERSON VOTING AT THE COUNTY RECORDER'S OFFICE, IN ADDITION TO HAVING FULLY ADA ACCESSIBLE AND ADA COMPLIANT VOTE CENTERS, AND UNDER THE LAW, IS NOT REQUIRED TO OFFER CURBSIDE VOTING.**

State and Federal law prohibits discrimination in voting based on disability. This requires the County to make alternative means of voting available, but however, does not require the County to provide every conceivable means possible. "A 'reasonable accommodation' is one that gives the otherwise qualified plaintiff with disabilities 'meaningful access' to the program or services sought. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 282 (2d Cir. 2003). Further, "[s]tates are not constitutionally mandated to make ***special accommodations*** for their disabled citizens. *See Garrett*, 121 S.Ct. at 964. Rather, States must refrain from irrational discrimination against the disabled." *Doe v. Div. of Youth & Family Servs.*, 148 F. Supp. 2d 462, 488 (D.N.J. 2001) (emphasis added).

Cochise County ensures that individuals with disabilities are not discriminated against based on their disabilities by making sure that all of its Vote Centers are ADA accessible and ADA compliant. These fully ADA accessible and ADA compliant Vote Centers provides individuals with disabilities equal access to ***in-person*** voting on Election day.

In the 2019 Election Procedures Manual ("EPM"), which carries the force of law, it specifies that curbside voting is an alternative voting option at vote centers ***only*** if available at the voting location and ***only*** when: (1) no accessible sites are available; and (2) no temporary measures can make them accessible. *See* 2019 Elections Procedures Manual, Chapter 5: Accommodating Voters with Disabilities, Section IV, Alternative Voting Options, pp. 105-106. The EPM further explains that it is the election director who determines if a voting location is not accessible. *Id.* The EPM also provides that curbside voting ***may*** be made available as a reasonable accommodation, but it ***does not*** mandate that it must be made available as a reasonable accommodation.

Here, Cochise County Elections Director, Lisa Marra determined that all of the County's 17 Vote Centers are ADA accessible and ADA compliant. Therefore, under the

Arizona law, and pursuant to the EPM, the County was not legally obligated to offer curbside voting as a reasonable accommodation to Plaintiff.

Further, the County has made reasonable accommodations to ensure voters with disabilities are not disenfranchised by also providing alternative ways to vote, including *early in-person* voting. This provides full, equal and meaningful access to the voting process for everyone, which is ultimately the goal of anti-discrimination laws in voting. Plaintiff demands that the County make special accommodations for her by insisting that the County offer her curbside voting – no matter what the cost – so that she may vote in-person on Election Day. The Vote Centers already provide her with that means of voting in-person on Election Day. Additionally, the County has already provided a reasonable accommodation and an alternative means for Plaintiff to vote in-person before Election day - specifically, at the Cochise County Recorder's Office. Plaintiff puts too fine a point and too stringent a requirement on what it means provide individuals with disabilities meaningful and equal access the voting process. The Constitution protects the right to vote, but not the right to vote in any manner one chooses. *See Burdick v. Takushi*, 504 U.S. 428, 433 (1992). Here, Plaintiff wants what she wants. Period.

Because Cochise County has provided a meaningful and equal access to voting, there is no disability discrimination under the law and therefore, Plaintiff cannot plead facts sufficient to support any allegation that the County excluded her from participation in or denied her the benefit of voting. Consequently, this Court should dismiss Plaintiff's FAC with prejudice, under F.R.C.P., Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

**III.   SHOULD THE COURT CONVERT THE MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT DEFENDANTS REQUESTS CONSIDERATION OF ADDITIONAL FACTS**


If Defendants' Motion to Dismiss is converted to a motion for summary judgment, the Court should consider the following facts:

- All 17 Vote Centers are fully ADA accessible and ADA compliant, following all federal guidelines and standards;

- There are no paper ballots at the Vote Centers because there are over 500 different ballot styles, making it impossible and impracticable for the County to store paper copies of each ballot style at every one of its vote centers.

- The County does not have ballot on demand, nor does it have the required wi-fi capability to have ballot on demand at its 17 Vote Centers throughout the rural county; and

- The County offers early in-person voting at the County Recorder's Office.

**IV.   CONCLUSION**

For the reasons stated above, Plaintiff's First Amended Complaint for Injunctive and Declaratory Relief should be dismissed with prejudice, pursuant to Rule 12(b)(6) and we respectfully ask this Court to do so.

DATED this 13th day of October, 2020.

                BRIAN M. MCINTYRE,
                COCHISE COUNTY ATTORNEY

                By:   /s/ Christine J. Roberts
                         Christine J. Roberts
                         Chief Civil Deputy County Attorney

If Defendants' Motion to Dismiss is converted to a motion for summary judgment, the Court should consider the following facts:

- All 17 Vote Centers are fully ADA accessible and ADA compliant, following all federal guidelines and standards;

- There are no paper ballots at the Vote Centers because there are over 500 different ballot styles, making it impossible and impracticable for the County to store paper copies of each ballot style at every one of its vote centers.

- The County does not have ballot on demand, nor does it have the required wi-fi capability to have ballot on demand at its 17 Vote Centers throughout the rural county; and

- The County offers early in-person voting at the County Recorder's Office.

**IV.   CONCLUSION**

For the reasons stated above, Plaintiff's First Amended Complaint for Injunctive and Declaratory Relief should be dismissed with prejudice, pursuant to Rule 12(b)(6) and we respectfully ask this Court to do so.

DATED this 13th day of October, 2020.

        BRIAN M. MCINTYRE,
        COCHISE COUNTY ATTORNEY

        By:   /s/ Christine J. Roberts
                Christine J. Roberts
                Chief Civil Deputy County Attorney

A copy of the foregoing emailed this 13th day of October 2020, to:

Rose Daly-Rooney
rdalyrooney@azdisabilitylaw.org
Maya Abela
mabela@azdisabilitylaw.org
Tamaraingsey In
sun@azdisabilitylaw.org
Meaghan Kramer
mkramer@azdisabilitylaw.org