BRIAN M. MCINTYRE
COCHISE COUNTY ATTORNEY
By: CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
P.O. Drawer CA
Bisbee, AZ 85603
(520) 432-8700
CVAttymeo@cochise.az.gov
*Attorney for Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| Kathleen Hoffard,<br>　　　　　Plaintiff,<br><br>vs.<br><br>Cochise County, Arizona; Lisa Marra, In her official capacity as Director of Cochise County Elections Department,<br><br>　　　　　Defendants. | No. 4:20-CV-00243-SHR<br><br>**DECLARATION OF CHRISTINE J ROBERTS IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**Assigned to the Honorable Judge Scott H. Rash** |

I, CHRISTINE J. ROBERTS, DECLARE:

1. I am an attorney licensed to practice in Arizona. I am the Chief Civil Deputy of the Civil Division of the Cochise County Attorney's Office. I am over the age of 18, and if called as a witness, I could and would testify competently to the facts stated herein, all of which is my personal knowledge.

1

2. I am counsel of record for Defendants Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director, in this lawsuit.

3. After exchanging several telephone voicemail messages over several days with Ms. Rose Daly-Rooney, On July 29, 2020, Ms. Daly-Rooney and I had a detailed discussion about the lawsuit and Complaint (Doc. 1) that Arizona Center for Disability Law ("ACDL") filed in this mater on June 3, 2020, but had not yet served process on Defendants. Ms. Daly-Rooney and I discussed our respective positions in the lawsuit and whether we could reach a settlement. At that time, I explained to Ms. Daly-Rooney that under the law, Defendants were not required to offer curbside voting and that the County would be defending the lawsuit. She did not agree. We agreed that we saw the matter differently and that Plaintiff would go ahead and serve process and the Court would decide.

4. On August 31, 2020, Defendants were personally served with Plaintiff's First Amended Complaint for Injunctive and Declaratory Relief ("FAC") (Doc. 7), while I was out of the office from August 29, 2020 through September 8, 2020.

5. Upon my return to the office, I reviewed the FAC and did not find that it was substantially different than the original Complaint. I did not believe that I needed to call Ms. Daly-Rooney to discuss the FAC in light of our July 29, 2020 conversation and I inadvertently overlooked L.R.Civ.P. 12.1(c) that provides that the moving party must discuss the issues with opposing party before filing a motion to dismiss under Federal

Rule of Civil Procedure, Rule 12(b)(6). Consequently, I did not have any discussions with Ms. Daly-Rooney about the FAC.

6. The oversight as to the local rule was neither intentional nor malicious.

7. On September 21, 2020, I filed my Notice of Appearance in this matter (Doc. 10) and Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for Injunctive and Declaratory Relief (Doc. 11).

8. On October 1, 2020, I had a telephone conversation with Ms. Daly-Rooney, in which she informed me that she was going to ask the Court to strike the Motion to Dismiss because I did not comply with L.R.Civ.P. 12.1(c). She asked me to withdraw the Motion to Dismiss, but did not offer to stipulate to extend Defendant's time to respond. We had no discussion on that point.

9. I declined to withdraw the Motion to Dismiss and said I would address and explain my position to the Court. Because the Court's deadline to file a responsive pleading under L.R.Civ.P. 7.2 (c) had already passed, I did not believe that I could or should withdraw the motion without waiving or jeopardizing Defendants' opportunity to respond to this lawsuit.

10. If Defendants' Motion to Dismiss is converted to a motion for summary judgment, the Court should consider the following facts:

- All 17 Vote Centers are fully ADA accessible and ADA compliant, following all federal guidelines and standards;

- There are no paper ballots at the Vote Centers because there are over 500 different ballot styles, making it impossible and impracticable for the County to store paper copies of each ballot style at every one of its vote centers.
- The County does not have ballot on demand, nor does it have the required wi-fi capability to have ballot on demand at its 17 Vote Centers throughout the mostly rural county.
- The County offers early *in-person* voting at the County Recorder's Office.

Pursuant to 28. U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2020, in Bisbee, Arizona.

*/s/ Christine J. Roberts*
Christine J. Roberts