BRIAN M. MCINTYRE
COCHISE COUNTY ATTORNEY
By: CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
P.O. Drawer CA
Bisbee, AZ 85603
(520) 432-8700
CVAttymeo@cochise.az.gov
*Attorney for Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION

| | |
|---|---|
| Kathleen Hoffard,<br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Cochise County, Arizona; Lisa Marra,<br>In her official capacity as Director of<br>Cochise County Elections Department,<br><br>　　　　　Defendants. | No. 4:20-CV-00243-SHR<br><br>**DEFENDANTS' RESPONSE TO THE COURT'S FEBRUARY 26, 2021 ORDER REQUESTING SUPPLEMENTAL BRIEFING ON CONVERTING DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**<br><br>**Assigned to the Honorable Judge Scott H. Rash** |

**COMES NOW** Defendants, Cochise County (the "County") and Lisa Marra, in her official capacity as Director of Cochise County Elections (collectively "Defendants"), by and through undersigned counsel, hereby responds to this Court's February 26, 2021 Order requesting supplemental briefing on: (1) whether this Court should convert Defendants' Motion to Dismiss (Doc. 11) to a Motion for Summary Judgment; and (2)

any genuine issues of material fact.  Defendants request and move this Court to convert the Motion to Dismiss to a Motion for Summary Judgment, pursuant to Federal Rules of Civil Procedure, Rule 56(c) and GRANT Defendants' Motion for Summary Judgment because: (1) the evidence needed for this Court to make a ruling on the Motion for Summary Judgment has already been submitted to the Court via the briefing and supporting affidavits submitted on Plaintiff's Motion for Preliminary Injunction and Expedited Hearing (*See* Doc. 14, 15-1, 15-2, 19, 19-1, 19-2, 19-2, 19-4, 19-5, 21. 21-1, 21-2, 22), which this Court denied on October 22, 2020 (Doc. 23); and (2) there are no genuine disputes as to any issues of material fact.  Quite simply, the law does not require Cochise County to offer curbside voting.  Moreover, all of the County's Vote Centers are ADA accessible and ADA compliant, and the County offers a variety of alternative means of voting.  Additionally, Plaintiff cannot show that curbside voting is a reasonable modification.  Consequently, Plaintiff cannot prove two essential elements of her discrimination and reasonable modification claims against Defendants and there is no genuine dispute as to any issues of material fact in this case.  Therefore, this Court should GRANT Defendants' Motion for Summary Judgment.

The following Memorandum of Points and Authorities and separately filed Statement of Facts support this Motion for Summary Judgment:

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   THIS COURT SHOULD CONVERT DEFENDANTS' MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT**

A trial court may, in its consideration of a motion to dismiss, treat such motion as a motion for summary judgment and consider evidence outside of the pleadings. *Soley v. Star & Herald Co.*, 390 F.2d 364, 366 (5th Cir. 1968). "Summary judgment may be properly entered when the record before the court on the motion reveals the absence of any material issue of fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Before summary judgment may be entered against a party, that party must be afforded both notice that the motion is pending and an adequate opportunity to respond." *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981). Here, this Court has given all parties notice and an opportunity to respond. *See* Doc. 23. Therefore, there is no reason why the Court should not convert Defendants' Motion to Dismiss to a Motion for Summary Judgment.

Additionally, in response to Plaintiff's Motion for Preliminary Injunction and Expedited Hearing (Doc. 14), both Plaintiff and Defendants fully briefed the issue and submitted affidavits and evidence that are now part of the Court's official record for this matter. (*See* Doc. 14, 15-1, 15-2, 19, 19-1, 19-2, 19-3, 19-4, 19-5, 21, 21-1, 21-2, 22). The Court may consider these affidavits and documents as evidence outside of the pleading in making its determination on the Motion for Summary Judgment.

**II.   THERE ARE NO GENUINE DISPUTES AS TO ANY MATERIAL FACT**

3

### A. Plaintiff Cannot Prove an Essential Element of Her *Prima Facie* Case for Discrimination

The United States Supreme Court laid out the standard for grant of a motion for summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552–53 (1986):

> "Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is ***no genuine issue as to any material fact*** and that the moving party is entitled to a judgment as a matter of law.' In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. '[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)....' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552–53, 91 L. Ed. (1986) (emphasis added).

To prove a *prima facie* case for discrimination against Defendant, Plaintiff must show: (1) she is an individual with a disability; (2) she was otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) she was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of Plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

4

Here, Plaintiff cannot establish the third and fourth elements of her alleged disability discrimination claim because all of Cochise County's Vote Centers are ADA accessible and ADA compliant and Arizona law does not require Defendants to provide curbside voting. *See* Doc. 19-1, Marra Decl., ¶ 6. All of the equipment utilized at the Vote Centers is fully ADA accessible. *Id*. The 2019 Elections Procedure Manual ("EPM"), which carries the full force of law, does not require Defendants to offer curbside voting, but provides that it may be one of the four alternative voting options when the election director has determined that there are no accessible sites available and no temporary measures can make them accessible. *See* 2019 Elections Procedures Manual, Chapter 5: Accommodating Voters with Disabilities, Section IV, Alternative Voting Options, pp. 105-106, *see also* A.R.S. § 16-452 (Arizona Secretary of State's EPM has full force of law). Here, the Cochise County Elections Director, Lisa Marra determined that all 17 Vote Centers are ADA accessible and ADA compliant. Therefore, under Arizona law, and pursuant to the EPM, the County was not legally obligated to offer curbside voting as a reasonable accommodation to Plaintiff.

Additionally, the County offers various alternative means of voting. *See* Doc 19-1, Marra Decl., ¶¶ 14, 19, 30. State and Federal law prohibits discrimination in voting based on disability. This requires the County to make alternative means of voting available, but however, does not require the County to provide every conceivable means possible. The Constitution protects the right to vote, but not the right to vote in any manner one chooses. *See Burdick v. Takushi*, 504 U.S. 428, 433 (1992).

Because Arizona law does not require the County to offer curbside voting and the County offers alternative means of voting, Plaintiff cannot prove every essential element of her alleged *prima facie* discrimination case – namely, that she was excluded from participation in or denied the benefit of voting in Cochise County or was otherwise discriminated against by the County and therefore, under the standard in *Celotex Corp. v. Catrett*, *supra*, there are no genuine disputes of material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 2552–53 (1986) (if a plaintiff cannot prove an essential element, there are no genuine disputes of material facts and defendant is entitled to summary judgment under Rule 56). Because there are no genuine disputes of material facts, Defendants are entitled to judgment as a matter of law. Consequently, this Court should GRANT Defendants' Motion for Summary Judgment.

**B. Plaintiff Cannot Show That Curbside Voting Is A Reasonable Modification or That Curbside Voting Would Not Fundamentally Alter the Nature of the Voting System in the County**

To prevail on her ADA claim, Plaintiff must propose a reasonable modification to the challenged public program that will allow her the meaningful access that she seeks. *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 507 (4th Cir. 2016). A modification is reasonable if it is "reasonable on its face" or used "ordinarily or in the run of cases" and will not cause "undue hardship." (*Id*.)

Here, Plaintiff proposes the use of a PeakLogix CurbExpress ™ by ReadyVote® cart. However, this alternative is not a **reasonable** alternative in the County because the County does not have the technology and consistent and reliable WIFI capacity to utilize

6

these carts. *See* Doc 19-1, Marra Decl., ¶¶ 8 – 11. Additionally, the carts do not eliminate liability to the County for potential injury to the poll workers and voters and potential damage to the ExpressVote® machines. If an ExpressVote® machine broke down due to moving it in and out for curbside voting, that would delay voting and thus harm other voters who choose to vote at that Vote Center.

More specifically, the touchscreen ExpressVote® machines are very heavy and contain very sensitive components. *Id.*, ¶ 15. To date, the County Elections Department had to have sixty-two (62) ExpressVote® machines repaired under the County's maintenance agreement, which costs the County approximately $22,000 per year. *Id.*, ¶ 16. All of these repairs resulted from routine movement for delivery, placement, and pickup for use on Election Day. *Id*. Should these sensitive machines be moved more frequently in and out of the seventeen (17) Vote Centers, the number of repairs will exponentially increase, thus creating an additional undue burden on the County.

The ExpressVote® machines also have limited battery life and need to be connected to an electrical supply. *Id*., ¶ 18. Even though they are all on portable stands, they are not designed to be moved in and out of the Vote Center facilities repeatedly for curbside voting, and tend to tip over, which could cause damage to a disabled voter's vehicle or serious injury to a disabled voter or to the poll worker moving the ExpressVote® machine, which is a liability exposure for the County. *Id.*, ¶ 15. Simply stated, it is not safe for poll workers to move these very top-heavy voting machines outside to a vehicle.

Even though the PeakLogix CurbExpress ™ by ReadyVote® cart may be easier to move than the portable stands, the issue of the sensitive components remains unchanged. Repeatedly moving the ExpressVote® machines causes technical problems with the machines. *Id*., ¶ 17. Further, the carts will not always line up with the vehicles causing the disabled voter to get out of the vehicle to use the ExpressVote® machine. Additionally, the fact remains that the vast majority of the County's poll workers are elderly and these elderly poll workers would still be required to physically move the ExpressVote® machines, repeatedly, in and out of the Vote centers, creating the potential for the ExpressVote® machine and cart to tip over, damaging equipment and potentially injuring the poll worker and/or the voter. *Id.*, ¶ 18. Plaintiff's proposal is not reasonable on its face. No modification is required where the County can show that the proposed modification is unreasonable on its face. Consequently, Plaintiff cannot prove an essential element of her cause of action for reasonable modification.

Further, reasonable modification is necessary to avoid discrimination based on disability, unless the public entity can demonstrate that making the modification would fundamentally alter the nature of the service, program, or activity. *Crowder v. Kitagawa*, 81 F.3d 1480, 1485 (9th Cir. 1996). Plaintiff proposes that: (1) the ExpressVote® machine be brought out to the voter's vehicle; (2) paper ballots be brought to the voter's vehicle; or (3) the county use ballot printers. *See* Doc. 14, Pl. Mot. for Preliminary Injunction, p. 16, 16:5-16:12. However, here, the Court must deny curbside voting as a reasonable

modification because Plaintiff's proposed options would fundamentally alter the nature of Cochise County's voting system, as describe directly below:

In 2015, the County decided to move to Vote Centers, rather than assigned polling centers/places, and made a significant monetary investment of over $1 million dollars in touchscreen ExpressVote® machines to utilize for voting at the Vote Centers. *See* Doc 19-1, Marra Decl., ¶ 2. The County has utilized Vote Centers for its statewide elections, starting in 2016. *Id.,* ¶ 2. No pre-printed paper ballots are used at the seventeen (17) Vote Centers throughout the County because the specific ballot style can be accessed via the ExpressVote® machines. Further, there are over 300-700 different ballot styles for each election, making it impossible and impracticable for the County to store paper copies of each ballot style at every one of its Vote Centers. *Id.*, ¶ 8.

Other Counties have ballot on demand, ballot printers and reliable WIFI or internet, which allows them to offer curbside voting as a permissible, not mandatory, alternative. Cochise County does not.

The County does not have ballot on demand. Nor does the County have any technology that would allow for specific, individualized ballots to be printed curbside. *Id.*, ¶ 9. The County does not have the WIFI or internet capability and/or capacity to have reliable and consistent ballot on demand at its seventeen (17) Vote Centers throughout the mostly rural County. *Id.*, ¶ 10. The electronic e-pollbooks used to capture a voter's signature cannot be disconnected from the Vote Centers' circuit to be taken curbside for the voter's signature because when it is disconnected from the system, the **entire voting**

*system* shuts down and has to be restarted before voting can resume, which can take up to twenty (20) minutes. *Id.*, ¶ 11. There is no way for the County to offer curbside voting under these circumstances without fundamentally altering its voting system, in which it has invested a significant amount of money. Therefore, curbside voting in Cochise County is not a reasonable modification. Because Plaintiff cannot show that curbside voting is a reasonable modification, there is no genuine dispute as to any material fact. Consequently, this Court should GRANT Defendants' Motion for Summary Judgment.

## III.   CONCLUSION

For the reasons stated above, Defendants request that this Court convert Defendants' Motion to Dismiss to a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure and that the Court GRANT Defendants' Motion for Summary Judgement because there are no disputes as to any genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

DATED this 29th day of March, 2021.

> BRIAN M. MCINTYRE,
> COCHISE COUNTY ATTORNEY
>
> By:   /s/ Christine J. Roberts
> Christine J. Roberts
> Chief Civil Deputy County Attorney

1 | A copy of the foregoing emailed this 29th day of March, 2021, to:
2 |
3 | Rose Daly-Rooney
  | rdalyrooney@azdisabilitylaw.org
4 | Maya Abela
  | mabela@azdisabilitylaw.org
5 | Tamaraingsey In
  | sun@azdisabilitylaw.org
6 | Meaghan Kramer
  | mkramer@azdisabilitylaw.org
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |