BRIAN M. MCINTYRE
COCHISE COUNTY ATTORNEY
By: CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
P.O. Drawer CA
Bisbee, AZ 85603
(520) 432-8700
CVAttymeo@cochise.az.gov
*Attorney for Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA, TUCSON DIVISION

| | | |
|---|---|---|
| Kathleen Hoffard, | ) | **No. 4:20-CV-00243-SHR** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **STATEMENT OF FACTS IN** |
| v. | ) | **SUPPORT OF DEFENDANT'S** |
| | ) | **SUPPLEMENTAL BRIEFING** |
| Cochise County, Arizona; Lisa Marra | ) | **REQUESTING CONVERSION OF** |
| In her official capacity as Director of | ) | **MOTION TO DISMISS TO MOTION** |
| Cochise County Elections Department | ) | **FOR SUMMARY JUDGMENT** |
| | ) | |
| | ) | **Assigned to the Honorable** |
| Defendants. | ) | **Judge Scott H. Rash** |
| _____ | ) | |

Pursuant to Federal Rules of Civil Procedure, Rule 56(c)(1), Defendants, Cochise County (the "County")  and Lisa Marra, in her official capacity as Director of Cochise County Elections (collectively "Defendants") hereby submits the following statement of facts in support of Defendants' supplemental briefing requesting conversion of the Motion to Dismiss to Motion for Summary Judgment.

**STATEMENT OF FACTS**

1.      All of the County's seventeen (17) Vote Centers are fully ADA accessible and ADA compliant.  All equipment utilized at the Vote Centers are fully ADA accessible. (*See* Doc. 19-1, Declaration of Lisa Marra ("Marra Decl."), ¶ 6).

2.      No pre-printed paper ballots are used at the seventeen (17) Vote Centers throughout the County because the specific ballot style can be accessed via the ExpressVote® machines.  Further, there are over 300-700 different ballot styles for each election, making it impossible and impracticable for the County to store paper copies of each ballot style at every one of its Vote Centers.  (*Id*., ¶ 8).

3.      The County does not have ballot on demand.  Nor does the County have any technology that would allow for specific, individualized ballots to be printed curbside. (*Id.,* ¶ 9).

4.      The County does not have the WIFI or internet capability and/or capacity to have reliable and consistent ballot on demand at its seventeen (17) Vote Centers throughout the mostly rural County.  (*Id*., ¶ 10).

5.      Electronic e-pollbooks that are used to capture voters' signatures cannot be disconnected from the Vote Centers' circuit to be taken curbside for a voter's signature because when it is disconnected from the system, the ***entire voting system*** shuts down and has to be restarted before voting can resume, which can take up to twenty (20) minutes. (*Id.*, ¶ 11).

6.    Curbside voting is no longer offered because of the potential for injury to voters, poll workers and the voting machine equipment. (*Id.*, ¶ 12).

7.    The touchscreen ExpressVote® machines are very heavy and contain very sensitive components.  Even though they are all on portable stands, they are not designed to be moved in and out of the Vote Center facilities repeatedly for curbside voting, and tend to tip over, which could cause damage to a disabled voter's vehicle or serious injury to a disabled voter or to the poll worker moving the ExpressVote® machine.  Simply stated, it is not safe for poll workers to move these very top-heavy voting machines outside to a vehicle. (*Id.*, ¶ 15).

8.    Even though the PeakLogix CurbExpress ™ by ReadyVote® cart may be easier to move than the portable stands, the issue of the sensitive components remains unchanged.  Repeatedly moving the ExpressVote® machines causes technical problems with the machines.  Further, the carts will not always line up with the vehicles causing the disabled voter to get out of the vehicle to use the ExpressVote® machine. Additionally, the fact remains that the vast majority of the County's poll workers are elderly and these elderly poll workers would still be required to physically move the ExpressVote® machines, repeatedly, in and out of the Vote centers, creating the potential for the ExpressVote® machine and cart to tip over, damaging equipment and potentially injuring the poll worker and/or the vote. (*Id.*, ¶ 17).

9.    To date, the County Elections Department has had to have sixty-two (62) ExpressVote® machines repaired under the County's maintenance agreement, which

costs the County approximately $22,000 per year. All of these repairs resulted from routine movement for delivery, placement and pickup for use on Election Day. (*Id*., ¶ 16)

10.    Since the implementation of the Vote Centers, the elimination of curbside voting, and over the course of eleven (11) Vote Centers and nineteen (19) Vote by Mail elections and nearly 57,414 in-person voters, the County has only received two (2) complaints or concerns, inclusive of Ms. Hoffard's complaint, about the elimination of curbside voting. (*Id*., ¶ 3).

11.    The County offers various alternative means of voting. (*Id.*, ¶¶ 14, 19, 30).

12.    On May 4, 2019, Ms. Hoffard filed a Complaint of Discrimination with the Arizona Attorney General's Office, Division of Civil Rights Section ("ACRD"). On May 4, 2020, ACRD closed its investigation and issued a dismissal notice finding that "the information obtained [was] not sufficient to establish violations of the statutes and that further investigation is unlikely to produce such evidence." On information and belief, Plaintiff requested that ACRD reopen the case. However, ACRD did not reopen the case. (*Id.*, ¶¶ 32, 35-36).

RESPECTFULLY SUBMITTED this 29th day of March, 2021.

BRIAN M. MCINTYRE,
COCHISE COUNTY ATTORNEY

By:    /s/ Christine J. Roberts
       Christine J. Roberts
       Chief Civil Deputy County Attorney

4

A copy of the foregoing emailed
this 29th day of March, 2021, to:

Rose Daly-Rooney
rdalyrooney@azdisabilitylaw.org
Maya Abela
mabela@azdisabilitylaw.org
Tamaraingsey In
sun@azdisabilitylaw.org
Meaghan Kramer
mkramer@azdisabilitylaw.org