Rose Daly-Rooney, AZ Bar #015690
Maya Abela, AZ Bar #027232
Tamaraingsey In, AZ Bar #035208
Meaghan Kramer, AZ Bar #029043
ARIZONA CENTER FOR DISABILITY LAW
5025 E. Washington Street, Suite 202
Phoenix, AZ 85034
(602) 274-6287
E-mail: rdalyrooney@azdisabilitylaw.org
        mabela@azdisabilitylaw.org
        sin@azdisabilitylaw.org
        mkramer@azdisabilitylaw.org

*Attorneys for Plaintiff Kathleen Hoffard*

Brian M. McIntyre
Cochise County Attorney
By: Christine J. Roberts
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
By: Paul Correa
Deputy County Attorney
Arizona Bar No. 017187
P.O. Drawer CA
Bisbee, AZ  85603
(520) 432-8700
CVAttymeo@cochise.az.gov

*Attorneys for Defendants Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kathleen Hoffard,<br><br>           Plaintiff,<br><br>vs.<br><br>Cochise County, Arizona; Lisa Marra, in her official capacity as Director of Cochise County Elections Department<br><br>           Defendants. | Case Number: 4:20-cv-00243-SHR<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>*(Assigned to the Hon. Scott H. Rash)* |

1

Pursuant to the July 16, 2021 Order Setting Scheduling Conference (Doc. 33), and Federal Rule of Civil Procedure 26(f), the Parties met and conferred on August 17, 2021, and have developed, and respectfully submit the following Joint Case Management Report ("Report").

1.   **RULE 26(f) CONFERENCE PARTICIPANTS**

The following individuals participated in the August 17, 2021 Rule 26(f) meeting and jointly assisted in developing this Report:

  a. On behalf of Plaintiff Kathleen Hoffard: Rose Daly-Rooney, Maya Abela, Meaghan Kramer, and Tamaraingsey In.
  b. On behalf of Defendants Cochise County, Arizona, and Lisa Marra, in her official capacity as Director of Cochise County Elections: Christine J. Roberts and Paul Correa.

2.   **LIST OF THE PARTIES**

The following is a list of Parties in this case, including any parent corporations or entities:

  a. Kathleen Hoffard
  b.  Cochise County, Arizona; and
  c. Lisa Marra, in her official capacity as Director of Cochise County Elections Department.

3.   **SHORT STATEMENT OF THE NATURE OF THE CASE**

  a. **Plaintiff:**

This is a case arising under Title II of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12131 *et seq*., Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504), and the Arizona Civil Rights Act (ACRA), A.R.S. § 41-1421(B). Plaintiff alleges that Cochise County has violated these laws by instituting a blanket ban on curbside voting throughout the County. As a result of this ban, Plaintiff alleges she was discriminated against in voting when she was denied curbside voting as a reasonable modification in the 2018 election. Plaintiffs' position is that all

2

people who are duly qualified and registered to vote should have equal access to do so in person on election day. In Cochise County, Arizona, people who live with disabilities and wish to vote in person on election day are faced with the possibility of disenfranchisement due to the County's blanket policy making curbside voting unavailable for individuals who may need it as a reasonable modification due to their disabilities. Plaintiff alleges that the failure to make the voting process in Cochise County accessible for individuals with disabilities who may require a reasonable modification of curbside voting violates the ADA, Section 504, and the ACRA.

    b. **Defendants:**

Cochise County has not instituted a blanket ban on curbside voting. Rather, in 2015, Cochise County decided to move to fully ADA accessible and ADA compliant Vote Centers. Nor, has Cochise County discriminated against Plaintiff in voting based on her disability because Arizona law allows for, but does not mandate, curbside voting. Moreover, there is no other authority requiring Cochise County to offer in-person voting when other ADA compliant options are available.

**4. JURISDICTIONAL BASIS OF THE CASE**

This Court has jurisdiction of this matter and the Parties hereto pursuant to 28 U.S.C. §§ 1331 and 1343, as this case is brought pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and therefore presents a federal question. This Court also has jurisdiction over the claims alleged under the Arizona Civil Rights Act, A.R.S. § 41-1421(B), pursuant to 28 U.S.C. § 1367, as the state law claims are so related that they form part of the same case or controversy.

Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391 because Plaintiff and Defendants reside in the District, Defendants have sufficient contacts within this District to subject them to personal jurisdiction, and the acts and omissions giving rise to this Complaint occurred within this District.

**5.     PARTIES NOT SERVED**

All Parties have been served; Defendants Cochise County and Lisa Marra filed an Answer on July 13, 2021 (Doc. 32).

**6.     ADDITIONAL PARTIES AND AMENDMENTED PLEADINGS**

Plaintiff is considering adding additional Plaintiffs and will do so on or before December 10, 2021. Plaintiff does not anticipate otherwise amending the Amended Complaint, but reserves the right to do so consistent with Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Federal Rule") 15 and this Court's Case Management Order(s).

**7.     CONTEMPLATED MOTIONS**

The following is a list of the currently contemplated substantive motions, and a statement of the issues to be decided by the motions:

   a.    Motions filed by either or both Parties for summary judgment on the issue of liability under the ADA, Section 504, and ACRA;

   b.    *Daubert* motions filed by either or both Parties under Federal Rule of Evidence 702, as appropriate based on the proffered expert opinions.

**8.     REFERENCE TO MAGISTRATE JUDGE**

   a. **Plaintiff**:

   Plaintiff believes this case would be suitable for reference to a United States Magistrate Judge for settlement conference or for mediation by a private mediator. Plaintiff does not believe this case would be suitable for reference to a Magistrate Judge for trial, and Plaintiff does not consent to magistrate jurisdiction for that purpose.

   b. **Defendants**:

   Defendants do not believe, at this time, that this case is suitable for a settlement conference and will not agree to one in front of a United States Magistrate Judge. Nor do Defendants agree to an early mediation administered by a private mediator.

9. **RELATED PENDING CASES**

There are no related cases pending before other courts or other judges of this Court at this time.

10. **DISCOVERY OF ESI**

a. The Parties agree that discovery and disclosure obligations apply to all electronically stored information ("ESI") in this matter.

b. The Parties have agreed to an Electronic Discovery Protocol which provides the manner of preservation, disclosure, discovery, and production of certain ESI, and how the Parties will agree to search terms to be performed for the sources from which the parties intend to discover ESI and communications. The Parties each reserve all rights to object to unreasonable and/or unduly burdensome or intrusive electronic discovery efforts.

c. Plaintiff have filed a Stipulated Protective Order to protect Plaintiff's healthcare information. The order may also apply to any confidential third-party discovery.

11. **PRIVILEGES OR WORK PRODUCT**

The Parties do not anticipate that there will be substantial issues regarding privilege or work product at this time.

12. **FEDERAL RULE OF EVIDENCE 502(D)**

The Parties have agreed to the text of a proposed Federal Rule of Evidence 502(d) order, which has been filed herewith.

13. **DISCUSSION OF NECESSARY DISCOVERY**

  a. **Necessary discovery:**

    i. **Plaintiff**: Plaintiff anticipates that it will serve written discovery on all Defendants, will conduct a Fed. R. Civ. P. 30(b)(6) deposition of the County, and will depose Defendant Marra and other employees critical to the administration of elections and related operations in the County. Plaintiff will also seek third-party discovery from other

Arizona counties, and from companies that manufacture carts for voting machines, ballot printers, voting software, and other voting hardware utilized for curbside voting. Because Plaintiff is immunocompromised, Plaintiff requests that all oral depositions be conducted remotely in this case, and be subject to a remote deposition protocol – to be jointly developed by the parties.

Defendants have indicated that they intend to take a video deposition of Plaintiff. Plaintiff objects on the basis that a video deposition is unnecessary in this case and Plaintiff will be intimidated if she is recorded on video. Defendants do not appear to contest that Plaintiff has a qualifying disability and is a qualified elector of Cochise County. (Doc. 25 at 4:17-5:2; Doc. 32 at ¶9). The bulk of Defendants' defenses have little to do with the Plaintiff, and instead focus on the accessibility of the County's Voting Centers, the logistics of curbside voting the alleged burden curbside voting would cause.

ii. **Defendants**: Defendants believe that extensive third-party discovery, especially from other Arizona counties, is neither reasonable nor warranted in this matter and will be seeking to have the Court limit the scope of discovery based on relevance, confusing the issues, etc. Defendants anticipate serving written discovery on Plaintiff, and any third-party approved by the Court. Defendants will take a deposition of Plaintiff, preserved on video, and reserve their rights to depose additional third-parties identified through discovery.

b. **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:**

i. **Plaintiff**: In their briefing in this case, Defendants have demonstrated that they intend to assert at least three defenses—that

6

       providing curbside voting would: (i) cause the County to suffer an undue burden, (ii) represent a fundamental alteration of its voting programs, services and activities, and (iii) pose a direct threat. As part of Defendants' defenses, they argue that curbside voting is too costly, poses great risks to voting hardware, vehicles, and operators, and that the software and hardware manufactured for the purpose of curbside voting are untenable due to restrictions to Wi-Fi and power at its Voting Centers. Because Defendants have put these facts at issue, Plaintiff must seek rebuttal discovery from Arizona counties conducting curbside voting, and companies selling curbside voting carts, and ballot and pollbook software and hardware. Plaintiff anticipates that such discovery will be narrow in scope. Accordingly, and to reduce the burden on the third parties, most of which are public entities, Plaintiff proposes that a portion of her third-party discovery be conducted via deposition by written question pursuant to Fed. R. Civ. P. 31, rather than via subpoena. Accordingly, Plaintiff requests that she be permitted 25 depositions, rather than the presumptive 10. Because Plaintiff anticipates that the majority of her depositions will be conducted via written question, Plaintiff proposes reducing the total time for its Rule 30 depositions to 50 hours – rather than the presumptive 70.

    ii. **Defendants**: Defendants believe that Plaintiff's request for 25 depositions is excessive, as most of the proposed depositions will be of third parties who are not part of this lawsuit, and will be asking the Court to limit Plaintiff's depositions to 10.

c. **The number of hours permitted for each deposition:**

    i. **Plaintiff**: Oral depositions conducted by Plaintiff will be limited to 50 hours of total testimony for lay and Fed. R. Civ. P. 30(b)(6)

7

witnesses. Rule 30(d)(1) will govern the deposition time limits for any testifying expert(s) identified by Defendants (seven hours per witness).

    ii. **Defendants**: Defendants do not believe that any change to the presumptive limits is necessary.

14. **PROPOSED DEADLINES**

    a.    Initial disclosure statements: August 31, 2021;

    b.    Filing settlement status reports: March 1, 2022 and every 90 days thereafter;

    c.    Motions to amend the complaint and join additional parties: December 10, 2021;

    d.    Disclosure of lay witnesses: January 28, 2022;

    e.    Disclosure of expert witnesses: January 28, 2022;

    f.    Disclosure of rebuttal expert witnesses: May 6, 2022;

    g.    Plaintiff's expert report(s): March 4, 2022;

    h.    Defendants' expert report(s): April 1, 2022;

    i.    Rebuttal expert reports: May 6, 2022;

    j.    The completion of all discovery: August 5, 2022. The Parties believe that extended time is warranted due to the need for third-party discovery in this case;

    k.    Filing dispositive motions: September 3, 2022;

    l.    Filing joint proposed pretrial order: September 10, 2022, unless dispositive motions are filed, in which case Counsel shall file a proposed Joint Pretrial Order on or before thirty days after the Court rules on all dispositive motions.

15. **WHETHER A JURY TRIAL HAS BEEN REQUESTED**

Defendants have requested a jury trial; Plaintiff agrees to and has requested a jury trial.

**16.   SETTLEMENT PROSPECTS**

Plaintiff is open to settlement discussions and feels that the Parties may be able to reach a settlement with the assistance of mediation.  At this time, Defendants do not believe that a settlement conference or a mediation would be fruitful, however, does not close the door to such discussions after significant discovery.

**17.   OTHER MATTERS**

There are no other matters to report that will aid the Court and the Parties in a speedy, just, and inexpensive manner.

DATED this 3rd day of September, 2021.

**ARIZONA CENTER FOR DISABILITY LAW**

*/s/Rose Daly-Rooney*
Rose Daly-Rooney
Maya Abela
Tamaraingsey In
Meaghan Kramer
*Attorneys for Plaintiff Kathleen Hoffard*

**BRIAN M. MCINTYRE,**
**COCHISE COUNTY ATTORNEY**
*/s/ Christine J. Roberts*
Christine J. Roberts
Chief Civil Deputy County Attorney
Paul Correa
Civil Deputy County Attorney

*Attorneys for Defendants Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, and sent a copy by email, to the following:

COCHISE COUNTY ATTORNEY
CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
PAUL CORREA
Civil Deputy County Attorney
P.O. Drawer CA
Bisbee, AZ 85603
CVAttymeo@cochise.az.gov
*Attorneys for Cochise County, and Lisa Marra, in her official capacity as Cochise County Elections Director*

By: /s/*Rose Daly-Rooney*