IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Kathleen Hoffard,<br><br>Plaintiff,<br><br>vs.<br><br>Cochise County, Arizona; Lisa Marra, in her official capacity as Director of Cochise County Elections Department,<br><br>Defendants. | Case Number: 4:20-cv-00243-SHR<br><br>**CASE MANAGEMENT ORDER**<br><br>*(Assigned to the Hon. Scott H. Rash)* |
|---|---|

A Scheduling Conference was held before this Court on September 10, 2021. Accordingly, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure,

IT IS HEREBY ORDERED:

A. Initial disclosures as defined under Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Federal Rule") 26(a)(1) have been exchanged by the parties. Final disclosure of witnesses will be made by the following dates: lay witnesses: January 28, 2022; expert witnesses: January 28, 2022, and rebuttal expert witnesses: May 6, 2022.

B. Parties are given until December 10, 2021, for leave to move to join additional parties. Parties are given until December 10, 2021, to move to amend the complaint. Thereafter, the Court will entertain these motions only for good cause under Fed. R. Civ. P. 16.

C. Plaintiff shall disclose expert reports to be used at trial pursuant to the provisions of Rule 26(a)(2) and (3) of the Federal Rules, on or before March 4, 2022.

Defendants shall have up to April 1, 2022 to disclose expert reports. Both Parties shall disclose rebuttal experts and their reports on or before May 6, 2022.

D.      Counsel shall submit to the Court a brief Joint Settlement Status Report on or before March 1, 2022 and every 90 days thereafter.

E.      All discovery, including answers to interrogatories, production of documents, depositions, and requests for admissions, must be completed by August 5, 2022. To satisfy Rule 5.2 of the Rules of Practice of the U.S. District Court for the District of Arizona ("Local Rules" or "LRCiv"), the parties shall file a Notice of Service of Discovery with the Clerk of the Court. Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties. If a discovery dispute arises which cannot be resolved by the parties, the parties shall notify the Judge's Law Clerk by telephone at (520) 205-4650. The Court will promptly resolve the problem by scheduling a telephonic conference or by having the parties file motions with the required certifying statement. Counsel must conduct discovery in a timely manner that permits all discovery, including the resolution of any discovery disputes, before the discovery deadline.

F.      Dispositive Motions shall be filed on or before September 3, 2022. Pursuant to LRCiv 7.2, counsel may file a motion, response, and reply. No other (supplemental) pleading will be considered, unless a motion to file said pleading is granted by the Court. All pleadings submitted for the Court's review and decision must comply with the filing, time, and form requirements of the Local Rules. See LRCiv 12.1; 56.1. Additionally, any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. Exhibits must be indexed with tabs that correspond with the Table of Contents. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

G.      Counsel shall file a Joint Proposed Pretrial Order on or before September 10, 2022, unless dispositive motions are filed, in which case Counsel shall file a proposed

Joint Pretrial Order on or before thirty days after the Court rules on all dispositive motions. If dispositive motions are filed, the Joint Pretrial Order shall be filed 30 days from the filing date of the Court's order on the dispositive motions. See attached Joint Proposed Pretrial Order for the required content. Motions in limine shall be filed no later than two weeks after the filing of the proposed Joint Pretrial Order. Responses to motions in limine are due ten days after the motion in limine is filed. No replies are permitted. Any hearing on motions in limine will be set at the Pretrial Conference.

      H.     The Pretrial Conference will be set upon the filing of the proposed Pretrial Order, and the Trial Date in this matter will be set at the Pretrial Conference.

      I.     Counsel cannot, without the Court's approval, extend the deadlines imposed by the Court. All motions and requests for extension of time shall comply with LRCiv 7.3. All motions and requests for extension of discovery deadlines must include a summary of the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery has not been completed within the deadline.

      J.     All motions, responses, and replies must comply with LRCiv 7.2(e). All requests for page extensions must be filed at least one week prior to the filing of the substantive document, must note how many prior extensions have been requested in the caption, and must state the position of all parties. Any page extension requests filed within one week of the filing of the substantive document will be denied.

      K.     All motions that are non-dispositive must have a proposed order attached in accordance with Local Rule 7.1(b)(2)-(3). A copy of the motion must be emailed in Microsoft Word format to Chambers at: rash_chambers@azd.uscourts.gov, pursuant to the Electronic Administrative Policies and Procedures Manual § II(G).

      L.     The parties shall provide to the Court a bound hard copy of any filing that is more than ten (10) pages in length, motions to dismiss, motions for summary judgment, motions for temporary restraining orders, sealed documents, and any responses and

replies thereto. This applies to all attachments, appendices, and indices that are included with a motion filed with the Court. If the hard copy contains multiple documents, each document shall be individually tabbed. Hard copies must be printed directly from ECF to ensure that the ECF pagination is included in the Court's copy for ease of reference. *See* Electronic Administrative Policies and Procedures Manual § II(D)(3).

      M.    Parties are specifically advised that pursuant to LRCiv 7.2(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." In addition, willful failure to comply with any of the terms of this order may result in dismissal of this action without further notice to the plaintiff, or sanctions upon the defendants. Fed. R. Civ. P. 16(f)(C) & 37(b)(2).

      N.    The parties are expected to fully comply with Federal Rule of Civil Procedure 26 and to minimize the expense of discovery. Furthermore, all filings must conform with Local Rules of Civil Procedure 7.1 and 7.2. Failure to do so may lead to sanctions. Fed. R. Civ. P. 16(f).

      Dated this 3rd day of September, 2021.