Rose Daly-Rooney, AZ Bar #015690
Maya Abela, AZ Bar #027232
Tamaraingsey In, AZ Bar #035208
Meaghan Kramer, AZ Bar #029043
ARIZONA CENTER FOR DISABILITY LAW
5025 E. Washington Street, Suite 202
Phoenix, AZ 85034
(602) 274-6287
E-mail: rdalyrooney@azdisabilitylaw.org
       mabela@azdisabilitylaw.org
       sin@azdisabilitylaw.org
       mkramer@azdisabilitylaw.org
*Attorneys for Plaintiff Kathleen Hoffard*

Brian M. McIntyre
Cochise County Attorney
By: Christine J. Roberts
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
By: Paul Correa
Deputy County Attorney
Arizona Bar No. 017187
P.O. Drawer CA
Bisbee, AZ  85603
(520) 432-8700
CVAttymeo@cochise.az.gov
*Attorneys for Defendants Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Hoffard,<br><br>               Plaintiff,<br><br>      vs.<br><br>Cochise County, Arizona; Lisa Marra, in her official capacity as Director of Cochise County Elections Department,<br><br>              Defendants. | Case Number: 4:20-cv-00243-SHR<br><br>**JOINT ELECTRONIC DISCOVERY PROTOCOL**<br><br>*(Assigned to the Hon. Scott H. Rash)* |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 16, 26, 33, 34, 37, and 45, Plaintiff Kathleen Hoffard and Defendants Cochise County, Arizona, and Lisa Marra, in her official capacity as Director of Cochise County Elections Department, respectfully submit this Joint Electronic Discovery Protocol for the discovery and disclosure of electronically stored information ("ESI") in the above-captioned matter.

**A. Standard for ESI Disclosures:**

Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1.    <u>Custodians</u>. The custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the general type of the information under their control.

2.    <u>Non-custodial data sources</u>. A list of non-custodial data sources (e.g., shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.    <u>Third Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third party email and/or mobile device providers, "cloud" storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system, or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i). Note: Section C(2)(a)-(i) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

2

**B. Standard for Preservation of ESI**

A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to ESI, the following provisions apply:

1.        Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive ESI; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(2) or (D)(1)-(2) below).

2.        Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics (nothing in this order authorizes the intentional deletion of ESI after the duty arose to preserve such ESI).

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

    e. Back-up data that are substantially duplicative of data that are more accessible elsewhere, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows.

    f. Server, system, or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

3

h. Electronic data (e.g., email, calendars, contact data, notes, and text messages) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

i. Voicemails.

j. Logs of calls made from cellular phones.

k. Instant and chat messages, such as messages sent on Microsoft Communicator and Teams.

l. Data stored on photocopiers, scanners, and fax machines.

3. <u>Preservation Does Not Affect Discoverability or Claims of Privilege</u>. By preserving documents or ESI for the purpose of this litigation, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege.

4. <u>Other Preservation Obligations Not Affected</u>. Nothing in this Protocol shall affect any other obligations of the Parties to preserve documents or information for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.

**C. Standard for Addressing Privilege**

The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

1. With respect to privileged or attorney work product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Parties have conferred on a proposed non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned to the Producing Party (i) if such information appears on its face that it may have been inadvertently produced or (ii) if the

Producing Party provides notice within 14 business days of discovery by the Producing Party of the inadvertent production.

### D.  Other ESI Discovery Protocols

1.      On-site inspection of electronic media. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      Search methodology. It is the responsibility of the proponent of the discovery to propose search terms for any such search, after which the parties will confer. The Court presumes that in the majority of cases, the use of search terms will be reasonably necessary to locate ESI likely to contain discoverable information. If a Party intends to use search terms for electronic searches of custodian files, it will meet and confer with the other Party to identify mutually agreeable search terms for email messages and other ESI before any query is performed. If an ESI search does not yield responsive documents, the parties agree to meet and confer in good faith to identify alternate search terms.

a.      The Parties will identify any software or other computer technology used to identify or eliminate potentially responsive documents. A producing party shall also disclose what search terms, if any, were used to locate ESI likely to contain discoverable information. If search terms were not used, a party shall disclose the search methodology used to locate ESI likely to contain discoverable information.

3.      Format. The parties agree to produce responsive ESI in PDF and/or TIFF format.  Unless otherwise agreed to by the parties, the only files that should be produced in native format are files not easily converted to image format. The parties agree to produce the following file types in native format: Excel, Access, PowerPoint, video and audio files (e.g., MP3, MP4, WAV files), database files, and files that require software outside of Microsoft Suite or Adobe Acrobat to open.   Non-native PDFs or TIFF images should be produced to the requesting party with searchable text. For ESI The parties agree

to produce ESI with the following metadata fields: Beg Prod Num, End Prod Num, Attach Start, Attach End, Date Sent, Date Created, Date Last Modified, MD5Hash, Native File Link, FileName, Author, From, To, CC, BCC, Subject. Metadata will allow Parties to organize their document review in a meaningful way, allowing Parties to search for documents within families searching within specific fields, for example.  Documents produced by third parties will be bates labeled by the requesting party, where appropriate, and timely disclosed to all other parties in the format in which they were received by the third party. Except as stated herein, a Party need not produce the same ESI in more than one form.

       4.      <u>Redactions</u>. If the Producing Party is asserting any portion of a document is privileged or covered by a protective order, the document shall be produced in PDF or TIFF format with redactions intact.

       5.      <u>Deduplication.</u>

       a.      Deduplication of email.  Either party may request deduplication or other clarification regarding emails or other non-email electronic documents (email attachments) produced by identifying documents produced by the other party.  To the extent practicable, Parties will produce only one copy from each set of exact duplicates:

       i.  Calculating and comparing the MD5 or SHA-1 hash value based on addresses, subject line, body, and attachment names.

       ii.  The Parties hereby stipulate and agree that there shall be in this matter a rebuttable presumption of evidence that an email correctly addressed to a recipient was actually delivered to that recipient's email box.

       b.      Deduplication of ESI other than email. The Parties shall identify exact duplicates of electronic files other than email and attachments based on MD5 or SHA-1 hash values and shall, to the extent practicable, produce only one copy of each file.

6.      Bates labeling. Each document image file shall be named with a unique Bates Number.  For documents produced via PDF (pursuant to party agreement, or by a third-party), the parties agree to Bates stamp such documents.

7.      Costs of Document Production. Unless this Court orders otherwise for good cause shown, each Party shall bear the costs of producing its own documents.

DATED this 3rd day of September, 2021.

**ARIZONA CENTER FOR DISABILITY LAW**

*/s/Rose Daly-Rooney*
 Rose Daly-Rooney
 Maya Abela
 Tamaraingsey In
 Meaghan Kramer

*Attorneys for Plaintiff Kathleen Hoffard*

**BRIAN M. MCINTYRE,
COCHISE COUNTY ATTORNEY**

*/s/Christine J Roberts*
 Christine J. Roberts
 Chief Civil Deputy County Attorney
 Paul Correa
 Deputy County Attorney

*Attorneys for Defendants Cochise County and Lisa Marra, in her official capacity as Cochise County Elections Director*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, and sent a copy by email, to the following:

COCHISE COUNTY ATTORNEY
CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
PAUL CORREA
Civil Deputy County Attorney
P.O. Drawer CA
Bisbee, AZ 85603
CVAttymeo@cochise.az.gov
*Attorneys for Cochise County, and Lisa Marra, in her*
*official capacity as Cochise County Elections Director*

By: */s/Rose Daly-Rooney*