IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Hoffard,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Cochise County, Arizona; Lisa Marra, in her official capacity as Director of Cochise County Elections Department,<br><br>　　　　　Defendants. | Case Number: 4:20-cv-00243-SHR<br><br>**[PROPOSED] ORDER IMPLEMENTING RULE 502(d) OF THE FEDERAL RULES OF EVIDENCE**<br><br>*(Assigned to the Hon. Scott H. Rash)* |

The Parties have stipulated to this *Order Implementing Rule 502(d) of the Federal Rules of Evidence* ("Fed. R. Evid.").

**IT IS HEREBY ORDERED:**

　　(a)　**No Waiver by Disclosure.** This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and invokes the protections afforded by that Rule. Each Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege, taking into account the volume and sensitivity of the materials, the demands of the litigation, and the resources that the Party can make available. Irrespective of the care that is actually exercised in reviewing materials for privilege, subject to the provisions of this Order, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that if a party (the "Disclosing Party") discloses information or documents in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product

protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(b)     **Notification Requirements; Best Efforts of Receiving Party.** If a Disclosing Party determines that it has produced upon which it wishes to make a claim of privilege, the Disclosing Party shall, within fourteen (14) business days of making such determination, notify counsel of record that received the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. The notice shall identify each such document and the date it was produced. If the producing Party claims that only a portion of a document is privileged, the producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted. Any party that complies with this Paragraph will be deemed to have taken reasonable steps to rectify disclosures of privilege or protected information or materials. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has in accordance with Fed. R. Civ. P. 26(b)(5)(B), and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within five (5) business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

(c)     **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five (5) business days of receipt of the notice of

disclosure—request a meet and confer among the Parties to seek to resolve the matter through personal consultation and sincere efforts, as required by Local Rule of Civil Procedure 7.2(j). If no resolution to the dispute is reached and the Receiving Party continues to dispute a claim of privilege asserted under this Order, such Party shall promptly notify the Court of the dispute and request a telephonic conference concerning the dispute. If the Court does not grant a telephonic conference concerning the dispute, the Receiving Party may file a motion compelling disclosure of the information claimed as privileged ("Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

(d)     **Identification of Potentially Privileged Information.** If the Receiving Party identifies a document that appears on its face or in light of facts known to the Receiving Party to be subject to the Disclosing Party's claim of privilege, the Receiving Party identifying the potential claim of privilege is under a good-faith obligation to notify the Disclosing Party. Such notification shall not waive the Receiving Party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the Disclosing Party wishes to assert a claim of privilege, it shall provide notice in accordance with subparagraph (b), above, within five (5) business days of receiving notice from the Receiving Party.

(e)     **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs (b), (c), and (d).

(f)     **Attorney's Ethical Responsibilities.** Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

(g) **Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

(h) *In camera* **Review.** Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

(i) **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use privileged information produced under this Order to support a claim or defense.

(j) **Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

Dated this 3rd day of September, 2021.