Rose Daly-Rooney, AZ Bar #015690
Maya Abela, AZ Bar #027232
Tamaraingsey In, AZ Bar #035208
Meaghan Kramer, AZ Bar #029043
ARIZONA CENTER FOR DISABILITY LAW
5025 E. Washington Street, Suite 202
Phoenix, AZ 85034
(602) 274-6287
E-mail: rdalyrooney@azdisabilitylaw.org
       mabela@azdisabilitylaw.org
       sin@azdisabilitylaw.org
       mkramer@azdisabilitylaw.org

*Attorneys for Plaintiff Kathleen Hoffard*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathleen Hoffard,<br><br>                Plaintiff,<br><br>   vs.<br><br>Cochise County, Arizona; Lisa Marra, in her official capacity as Director of Cochise County Elections Department,<br><br>                Defendants. | Case Number: 4:20-cv-00243-SHR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>*(Assigned to the Hon. Scott H. Rash)* |

    1.    Plaintiff Kathleen Hoffard and Defendants Cochise County, Arizona, and Lisa Marra, in her official capacity as Director of Cochise County Elections Department (each, a "Party," and collectively, the "Parties"), by their respective counsel, hereby stipulate and agree to the entry of this Stipulated Protective Order ("Order").

    This Order shall apply to all documents, responses to interrogatories, and requests for admissions, deposition transcripts and any exhibits thereto, and any other information, documents, objects, or things which have been or will be produced, disclosed or received

1

1  by any Party or other Person during pretrial proceedings in this action, pursuant to the
2  Federal Rules of Civil Procedure, as well as any information, copies, abstracts, digests,
3  summaries and by-products derived or obtained therefrom. This Order is being entered to
4  facilitate the production, inspection and discovery (collectively, "disclosure") of
5  documents and information among the Parties in this litigation while preserving each
6  Party's rights and privileges with respect to such documents and information.

## DEFINITIONS

8     2.    For purposes of this Order,

9     a.    "Confidential Information" means any non-public information, or
10 portions or contents of any document (including discovery responses, testimony, notes,
11 extracts, data, summaries or descriptions of such material, copies, transcripts, videos, and
12 electronically stored information) (i) which the Producing Party contends and in good
13 faith believes is a trade secret or other confidential or proprietary financial or business
14 data, information, plans, or policies, and (ii) which counsel for the Producing Party
15 designates as "Confidential," as defined herein, and upon a good faith believe that there
16 is a good cause therefor under applicable law. Documents or information produced or
17 disclosed by a Party or a non-Party to this action may be designated as Confidential.

18     b.    "Person" means any natural person or any legal entity, including,
19 without limitation, any business or governmental entity or association.

20     c.    "Privileged Material" means any and all documents,
21 communications, or other information covered by the attorney-client privilege, work-
22 product protection, or any other applicable privilege or protection from disclosure.

23     d.    "Producing Party" means the Person that disclosed or produced
24 Confidential Information, Protected Health Information, or Privileged Material, including
25 such Person's counsel.

26     e.    "Protected health information" (hereinafter "PHI") is defined by the
27 Health Insurance Portability and Accountability Act, 45 C.F.R. § 160.103.

28

f.     "Receiving Party" means the Person to whom Confidential Information, PHI, or Privileged Material was disclosed or produced, including such Person's counsel.

## **PROTECTIVE ORDER**

3.     The above-captioned litigation is reasonably anticipated to involve the production and disclosure of certain Confidential Information and PHI, which may consistent of confidential material within the scope and meaning of Rule 26(c) of the Federal Rules of Civil Procedure. The Parties hereby stipulate and agree to the terms of this Order to protect their respective Confidential Information and PHI from public disclosure.

4.     A Party may designate as "Confidential" any information that is of a commercial or personal nature and which is not available to the public, or public record.

5.     Confidential Information and PHI may be disclosed only to qualified Persons, defined as (i) counsel of record in this action and their employees or agents to whom it is necessary that the material be disclosed for purposes of this action; (ii) actual or potential testifying and consulting experts; and (iii) a Party and any current or former employees or agents of a Party whom counsel for such Party deems helpful to prepare the case; provided, however, that prior to disclosure to any such authorized persons under subparagraphs (ii) and (iii), such persons have been advised of the terms of this Protective Order, have been given a copy of this Protective Order, and have signed a Protective Order Acknowledgement in the form of Exhibit A, attached hereto, the original of which shall be retained by counsel authorized for the Party employing or retaining that person.

6.     Any non-Party to this action who shall be called upon to produce, disclose, or provide documents, written discovery or deposition or other testimony shall be entitled to avail itself of this Order and, by so doing, shall assume the duties and obligations imposed by this Order.

7. Any party, including a third party, that produces documents containing Confidential Information, shall mark the document as "Confidential Information – Subject to Protective Order." Any party, including a third party, that produces documents containing PHI, shall mark the document as "Confidential Protected Health Information – Subject to Protective Order." A Producing Party producing Confidential Information or PHI that belongs to another party or third party is obligated to mark it consistent with this Protective Order.

8. The designation of documents as Confidential Information or PHI shall be made by placing or fixing on each page of the material, in a manner that will not interfere with the material's legibility, the words "Confidential Information – Subject to Protective Order" or "Confidential Protected Health Information – Subject to Protective Order," respectively.

9. If a party inadvertently produces Confidential Information or PHI without the required label, the Producing Party shall inform the Receiving Party in writing of the specific material at issue immediately upon discovering the inadvertent omission, accompanied by substitute copies of each document, appropriately labeled. Likewise, if a Receiving Party contends that Confidential Information or PHI was produced without the required label, the Receiving Party shall inform the Producing Party in writing of the specific material at issue upon discovering the failure to label the information. Upon receipt of notice, all Parties shall treat the material identified in the notice as confidential unless and until this Court enters an order stating that the document shall not be treated as Confidential Information or PHI. Copies of mis-labeled documents shall either be returned to the Producing Party or destroyed.

10. Information disclosed at a deposition may be designated by any Party as Confidential Information or PHI by indicated on the record at the deposition that the testimony is Confidential Information or PHI and is subject to the provisions of this Order. If such designation is not made at the time of the deposition, any transcript containing

Confidential Information or PHI may be designated as containing such information no later than thirty (30) days after the date of the Producing Party's counsel's receipt of the deposition transcript, which designated shall be in writing served on all parties. Nothing in this paragraph is intended to deprive any Party of the right to attend any depositions in this case.

11. Copies of documents containing Confidential Information or PHI may be made, or exhibits prepared, by independent copy services, printers, or illustrators for the purposes of this action, provided that such independent copy services, printers, or illustrators agree to and sign a Protective Order Acknowledgement in the form of Exhibit A, attached hereto.

12. Nothing in this Order shall prevent a Person from any use of its own Confidential Information or PHI. Nothing herein shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure or if the Court orders such disclosure. Nor shall this Protective Order prevent or restrict the disclosure or use of Confidential Information or PHI (i) in the examination or cross-examination of any Person who is indicated on the document as being an author, source, or recipient of Confidential Information or PHI, irrespective of which Party produced or designated the Confidential Information or PHI, or (ii) authorized pursuant to the terms of any pre-existing agreement between the Producing Party and the Receiving Party.

13. A Party shall not be obligated to challenge the propriety of a designation as Confidential Information or PHI at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Upon request by the Receiving Party, the Producing Party shall have designated in writing within 15 business days of the request the reason for a confidentiality designation on any of the documents subject to this Order, for example "Confidential: personal medical information," or in the alternative provide a log that designates the bates number and the reason for the claim of confidentiality. In the event that any Party to this action disagrees at any stage of these proceedings with the

designation of any information as Confidential Information or PHI, the parties shall first try to resolve such dispute informally. If after a good-faith attempt, the parties fail to resolve their dispute, the Party objecting to the Confidential Information or PHI designation (the "Objecting Party") may follow the procedures applicable to discovery disputes established by the Court to be relieved of the limitations of this Order with respect to the document or information in question. The law of the jurisdiction shall govern the burden of persuasion, to the extent applicable, with regard to any challenged designation. The Objecting Party shall not make any disclosure while a motion or other request to allow or to bar such disclosure is pending, or while any appeal or request for review or reconsideration pertaining to such a motion or request is pending.

14. In the event that a Party wishes to use any Confidential Information or PHI in any papers filed in this action, such Party shall seek leave of Court for filing under seal. Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Upon failure of the filing party to file Confidential Information or PHI under seal, any party may request that the Court place the document under seal. The procedures of Local Rule 5.6 shall be followed.

15. This Order shall not prevent any attorney from conveying to any Party-client their evaluation of Confidential Information or PHI produced or exchanged herein, provided such persons have signed a Protective Order Acknowledgement in the form of Exhibit A.

16. Nothing in this Order shall be deemed to preclude a Party from seeking and obtaining such additional protection with respect to any Confidential Information as it may consider appropriate and necessary.

17. All documents and information designated as Confidential Information and PHI shall be used by the Receiving Party solely for the purpose of trial or preparation for

trial and appeal of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties or in connection with this litigation, and for no other purpose whatsoever.

18. Upon final termination of this action (including all appeals) with respect to any Party receiving any non-public information through discovery, including without limitation Confidential Information or PHI, the Receiving Party shall, within ninety (90) days of such termination) destroy all non-public information obtained through discovery, including without limitation any information designated as Confidential Information or PHI which is in its possession, except that counsel of record for each Party may retain pleadings, deposition or hearing transcripts, and exhibits that contain Confidential Information or PHI. In either event, the Receiving Party shall certify the destruction of all such information.

19. If any counsel of record distributes copies of material containing Confidential Information or PHI to any actual or potential testifying and consulting experts, or a Party and any current or former employees or agents of a Party, all copies, notes, extracts, summaries, or descriptions of such material shall be returned to that counsel of record at the completion of the consultation or representation in this action.

20. By stipulating to this Protective Order, no Party waives any right it may have to withhold or redact information protected from disclosure by the attorney-client privilege or other applicable privilege, the work product doctrine, relevance, or any other protection, law, or regulation, or to seek appropriate protective orders respecting documents asserted to be subject to any such privilege, doctrine, protection, law, or regulation.

21. The provisions of this Order shall remain in full force and effect until further order of this Court.

# EXHIBIT A
## PROTECTIVE ORDER ACKNOWLEDGEMENT

The undersigned: (i) acknowledges having read the attached [Proposed] Stipulated Protective Order ("Order") which has been entered by the United States District Court for the District of Arizona in the matter of Kathleen Hoffard. v. Cochise County, Arizona, et al., Case No. 4:20-cv-00243-SHR; (ii) understands the terms and conditions of the attached Order; (iii) agrees to be and acknowledges that he/she/it is contractually bound by and agrees to abide by the terms and conditions of the attached Order and by such other orders as the Court may issue regarding the confidential treatment to be accorded to materials produced in this action; and (iv) agrees to be subject to the jurisdiction of the Court in which this matter is pending for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Order.

I am signing this acknowledgment on _____ (date), at _____ (city), _____ (state). If I am executing this acknowledgement on behalf of an entity, I represent and warrant that I am authorized to do so on behalf of such entity.

_____
(Signature)

_____
(Print Name)

_____
(On Behalf Of, if applicable)

DATED this 3rd day of September, 2021.

**ARIZONA CENTER FOR DISABILITY LAW**

*/s/Rose Daly-Rooney*
Rose Daly-Rooney
Maya Abela
Tamaraingsey In
Meaghan Kramer

*Attorneys for Plaintiff Kathleen Hoffard*

**BRIAN M. McINTYRE
COCHISE COUNTY ATTORNEY**

*/s/ Christine J. Roberts*
CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
PAUL CORREA
Civil Deputy County Attorney
Arizona Bar No. 017187
P.O. Drawer CA
Bisbee, AZ 85603
CVAttymeo@cochise.az.gov

*Attorneys for Cochise County, and Lisa Marra, in her official capacity as Cochise County Elections Director*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, and sent a copy by email, to the following:

COCHISE COUNTY ATTORNEY
CHRISTINE J. ROBERTS
Chief Civil Deputy County Attorney
Arizona Bar No. 033718
PAUL CORREA
Civil Deputy County Attorney
P.O. Drawer CA
Bisbee, AZ 85603
CVAttymeo@cochise.az.gov
*Attorneys for Cochise County, and Lisa Marra, in her official capacity as Cochise County Elections Director*

By: */s/ Rose Daly-Rooney*